BRINTLEY v HUTZEL HOSPITAL

Docket No. 111933. Submitted October 18, 1989, at Detroit. Decided December 19, 1989. Leave to appeal applied for.

Ida Brintley entered Hutzel Hospital for the purpose of surgery. Upon admission to the hospital, she signed an arbitration agreement which provided that the agreement could be revoked within "sixty days after execution" of the agreement. Brintley was burned during her hospital stay by a heat lamp allegedly placed too close to her skin by a nurse. Brintley and her husband, Joseph Brintley, filed a medical malpractice action against Hutzel Hospital in Wayne Circuit Court. Defendant moved for summary disposition or to compel arbitration on the grounds that Ida Brintley had entered into a binding agreement to arbitrate any claims arising out of her care and treatment at the hospital. The court, William Leo Cahalan, J., denied the motion, ruling that the arbitration agreement was invalid because it was not executed in strict compliance with the Medical Malpractice Arbitration Act. Defendant sought leave to appeal to the Court of Appeals, which was denied. Defendant then sought leave to appeal to the Supreme Court, which, in lieu of granting leave, remanded the matter to the Court of Appeals for consideration as on leave granted. 431 Mich 869 (1988).

On remand, the Court of Appeals held:

The fact that the agreement signed by Brintley provided that the agreement could be revoked within "sixty days after execution" rather than "sixty days after discharge" renders the agreement invalid on its face. The agreement fails to strictly comply with the statutory language. Strict compliance is required by the Medical Malpractice Arbitration Act.

Affirmed.

1. ARBITRATION — MALPRACTICE ARBITRATION ACT — ARBITRATION AGREEMENTS.

An arbitration agreement under the Medical Malpractice Arbi-

REFERENCES

Am Jur 2d, Alternate Dispute Resolution §§ 33, 34; Arbitration and Award §§ 6, 7, 13.

Arbitration of medical malpractice claims. 84 ALR3d 375.

tration Act cannot be legally valid unless it is in strict compliance with the arbitration statute; where the agreement fails to strictly comply with the statutory language, the agreement is invalid and not binding (MCL 600.5040 *et seq.*; MSA 27A.5040 *et seq.*).

2. ARBITRATION — MALPRACTICE ARBITRATION ACT — BURDEN OF PROOF.

The party pleading the existence of a medical malpractice arbitration agreement bears the burden of establishing that the agreement was executed in strict compliance with the Medical Malpractice Arbitration Act (MCL 600.5040 *et seq.*; MSA 27A.5040 *et seq.*).

*Sachs, Nunn, Kates, Kadushin, O'Hare, Helveston & Waldman, P.C.* (by *Ronald S. Weiner* and *Barbara M. Robinson*), for plaintiffs.

*Kitch, Saurbier, Drutchas, Wagner & Kenney, P.C.* (by *Susan Healy Zitterman* and *Judith R. Herman*), for defendant.

Before: McDONALD, P.J., and MICHAEL J. KELLY and MURPHY, JJ.

PER CURIAM. Defendant Hutzel Hospital appeals from the circuit court's denial of its motion for summary disposition or to compel arbitration. Plaintiffs sued defendant for medical malpractice arising out of plaintiff Ida Brintley's hospitalization. Defendant moved for summary disposition or to compel arbitration on the grounds that Mrs. Brintley had entered into a binding agreement to arbitrate any claims arising out of her care and treatment at defendant hospital. Plaintiffs argued that the arbitration agreement was invalid because it was not executed in strict compliance with the Medical Malpractice Arbitration Act (MMAA), MCL 600.5040 *et seq.*; MSA 27A.5040 *et seq.* The circuit court agreed, ruled that the arbitration agreement was invalid, and denied defendant's

motion. Defendant applied for leave to appeal the circuit court's decision, which this Court denied. Defendant subsequently petitioned our Supreme Court for leave to appeal. Our Supreme Court, in lieu of granting leave to appeal, remanded the matter to the Court of Appeals for consideration as on leave granted. 431 Mich 869 (1988).

The circuit court found that the arbitration agreement was invalid on its face because it provided that it could be revoked within "sixty days after execution" rather than "sixty days after discharge," as required by the MMAA. Defendant argues that the circuit court erred in finding the arbitration agreement invalid due to a slight technical noncompliance. We find no error.

An arbitration agreement under the MMAA cannot be legally valid unless it is in strict compliance with the arbitration statute. *McKain v Moore,* 172 Mich App 243, 248; 431 NW2d 470 (1988); *Ewald v Pontiac General Hospital,* 121 Mich App 793, 797; 329 NW2d 495 (1982). Where the agreement fails to strictly comply with the statutory language, it is invalid and not binding. *Ewald.* The party pleading the existence of the arbitration agreement bears the burden of establishing that the agreement was executed in strict compliance with the MMAA. *McKinstry v Valley OB-GYN Clinic, PC,* 428 Mich 167, 180; 405 NW2d 88 (1987).

Arbitration agreements by hospitals and HMOs are covered by § 5042 of the MMAA, MCL 600.5042; MSA 27A.5042. Arbitration agreements by other health care providers are covered by § 5041, MCL 600.5041; MSA 27A.5041. Although the requirements set forth in each section are not identical, they should be read in tandem when defining compliance with the MMAA. *McKinstry, supra,* p 176, n 2.

Section 5042(4) provides:

The agreement shall contain the following provision in 12-point boldface type immediately above the space for signature of the parties; "This agreement to arbitrate is not a prerequisite to health care or treatment and *may be revoked within 60 days after discharge* by notification in writing". [Emphasis added.]

A party must show compliance with § 5042(4) to establish that the arbitration agreement conforms to the MMAA. *McKinstry,* pp 180-181.

The arbitration agreement in question did not conform to § 5042(4). Instead of stating that the agreement may be revoked within sixty days after discharge, the agreement provided:

THIS AGREEMENT TO ARBITRATE IS NOT A PREREQUISITE TO HEALTH CARE OR TREATMENT, AND MAY BE REVOKED *WITHIN 60 DAYS AFTER EXECUTION* BY NOTIFICATION IN WRITING. [Emphasis added.]

The arbitration agreement was not in strict compliance with the MMAA. The circuit court did not err by finding the agreement invalid per se.

Affirmed.