O’Connell, J.
 

 Defendants appeal by leave granted from the trial court’s order denying their motion to compel arbitration in this medical malpractice action. The trial court held that, although the arbitration agreement between defendants and plaintiff’s decedent was valid and enforceable, defendants had waived their right to arbitration. We affirm the trial court’s result, but for a different reason—we con-
 
 *696
 
 elude that the agreement is unenforceable because it does not comply with statutory requirements.
 

 Defendants argue on appeal that the enforceability of the arbitration agreement is a question not properly before this Court because plaintiff has not filed a cross appeal. Generally, failure to file a cross appeal precludes an appellee from raising an issue not appealed by the appellant.
 
 Akyan v Auto Club Ins Ass’n (On Rehearing),
 
 208 Mich App 271, 273-274; 527 NW2d 63 (1994);
 
 Barnell v Taubman Co, Inc,
 
 203 Mich App 110, 123; 512 NW2d 13 (1993). However, an appellee need not file a cross appeal in order to argue an alternative basis for affirming the trial court’s decision, even if that argument was considered and rejected by the trial court.
 
 Middlebrooks v Wayne Co,
 
 446 Mich 151, 166, n 41; 521 NW2d 774 (1994);
 
 In re Herbach Estate,
 
 230 Mich App 276, 284; 583 NW2d 541 (1998);
 
 Akyan, supra
 
 at 274.
 

 In this case, the trial court considered and rejected plaintiff’s argument that the arbitration agreement did not comply with statutory requirements. Plaintiff has not filed a cross appeal of this aspect of the court’s decision. However, plaintiff may nonetheless assert this argument on appeal as an alternative basis to affirm the trial court’s denial of defendants’ motion to compel arbitration. Therefore, we address the question whether the arbitration agreement is enforceable against plaintiff. Because resolution of this issue requires statutory interpretation, which is a question of law, our review is de novo.
 
 Yaldo v North Pointe Ins Co,
 
 457 Mich 341, 344; 578 NW2d 274 (1998).
 

 Plaintiff’s decedent signed an arbitration agreement before having a mole surgically removed at defendant
 
 *697
 
 Botsford Community Hospital.
 
 [1]
 
 The agreement provides that the patient is choosing to arbitrate any claims arising from medical care received from the hospital, its employees, and its independent staff doctors and consultants. The agreement also contains the following provision:
 

 I am choosing arbitration of my own free will. This agreement applies to me, my heirs, and my legal representatives. If I want to change my mind and cancel this agreement, I must notify the hospital in writing within 60 days after i leave the hospital. After 60 days, I cannot change my decision.
 

 Plaintiff argues that this provision does not comply with the requirements of the medical malpractice arbitration act (mmaa), MCL 600.5040
 
 et seq.-,
 
 MSA 27A.5040
 
 et seq.
 
 (repealed by 1993 PA 78, effective April 4, 1994). Section 5042 of the mmaa provided, in part, as follows:
 

 (1) A person who receives health care in a hospital may execute an agreement to arbitrate a dispute, controversy, or issue arising out of health care or treatment rendered by the hospital. A person receiving emergency health care or treatment may be offered the option to arbitrate but shall be offered the option after the emergency care or treatment is completed.
 

 (2) The agreement to arbitrate shall provide that its execution is not a prerequisite to health care or treatment.
 

 (3) The agreement to arbitrate
 
 shall provide that the person receiving health care or treatment or his legal representative, but not the hospital, may revoke the agreement
 
 within 60 days after discharge from the hospital by notifying the hospital in writing.
 

 
 *698
 
 (4) The agreement shall contain the following provision in 12-point boldface type immediately above the space for signature of the parties: “This agreement to arbitrate is not a prerequisite to health care or treatment and may be revoked within 60 days after discharge by notification in writing”.
 

 (8) An agreement to arbitrate which includes the provisions of this section shall be presumed valid. [MCL 600.5042; MSA 27A.5042, repealed by 1993 PA 78, effective April 1, 1994 (emphasis added).]
 

 Specifically, plaintiff argues that the arbitration agreement does not comply with subsection 3, which requires that the agreement provide that the patient or the patient’s legal representative, but not the hospital, may revoke the agreement in writing within sixty days.
 
 [2]
 
 The agreement provides that the patient may have a change of mind and cancel the agreement within sixty days, but it does not provide that the patient’s legal representative may also do so on behalf of the patient. The agreement also fails to inform the patient that the hospital may not cancel the agreement. Therefore, we agree with plaintiff that the arbitration agreement has not met the requirements of subsection 3. The only issue is whether this deficiency prevents defendants from enforcing the agreement against plaintiff.
 

 An arbitration agreement is enforceable under the mmaa only where the agreement is in strict compliance with the requirements of the MMAA.
 
 Haywood v Fowler,
 
 190 Mich App 253, 256; 475 NW2d 458 (1991).
 
 *699
 
 However, this strict standard does not require us to employ a strained interpretation of the statute that is contrary to legislative intent.
 
 Id.
 
 at 257. We conclude that the arbitration agreement in this case does not strictly comply with the requirements of the statute. The agreement fails to completely inform the patient of the parties who may or may not revoke the arbitration agreement, despite the fact that the statute requires the agreement to contain that information. This is not a strained interpretation of the statutory requirements. We determine legislative intent by examining the language used, giving the language its ordinary meaning.
 
 Frankenmuth Mut Ins Co v Marlette Homes, Inc,
 
 456 Mich 511, 515; 573 NW2d 611 (1998). The statute provides that the agreement
 
 shall
 
 inform the patient that the patient or the patient’s legal representative, but not the hospital, may revoke the agreement in writing within sixty days. Use of the word “shall” indicates that the required action is mandatory, not permissive, unless this interpretation “would clearly frustrate legislative intent as evidenced by other statutory language or by reading the statute as a whole.”
 
 Browder v Int’l Fidelity Ins Co,
 
 413 Mich 603, 612; 321 NW2d 668 (1982). The intent behind the requirement in this case is to ensure that the patient is completely informed of how and by whom the agreement may be revoked. The agreement in question undoubtedly did not do this. Therefore, we conclude that the agreement is not enforceable against plaintiff because it was not in strict compliance with the requirements of the mmaa.
 
 [3]
 

 
 *700
 
 When the purpose behind the statutory requirements is met, an arbitration agreement may sometimes be said to be in strict compliance with the MMAA. In
 
 Haywood, supra,
 
 this Court examined whether an agreement that contained the statement required by subsection 4 was enforceable where the statement was not in the requisite 12-point boldface type, but was in 9-point boldface type. The Court concluded that the purpose behind requiring the statement to be in 12-point boldface type was to ensure that the patient would notice the important message it contained. The statement was very noticeable, fulfilling the statutory purpose, and the Court held that the agreement was enforceable.
 
 Id.
 
 at 257. The Court noted that to hold otherwise would be to imply that if the statement were in a larger type than 12-point type, then the agreement would not be in strict compliance with the statute, and that this would be an absurd result.
 
 Id.
 
 at 257-258. In the instant case, the purpose of the statutory requirement was not met; the patient was not fully informed of how and by whom the agreement could be revoked. Therefore, the agreement is not enforceable.
 

 In
 
 Brintley v Hutzel Hosp,
 
 181 Mich App 566; 450 NW2d 79 (1989), this Court held that where an arbitration agreement contained the statement required by subsection 4, but substituted the word “execution” for the word “discharge,” the agreement was not enforceable because it was not in strict compliance with the requirements of the MMAA.
 
 Id.
 
 at 569. The agreement did not accurately inform the patient of when the agreement could be revoked. Similarly, in the instant case, the agreement did not accurately inform the patient of who may revoke the agreement.
 

 
 *701
 
 Defendants argue that a presumption of validity must attach to the agreement because it complied with the requirements listed in
 
 McKinstry v Valley Obstetrics-Gynecology Clinic, PC,
 
 428 Mich 167, ISO-181; 405 NW2d 88 (1987). In that case, our Supreme Court held that the statutory presumption of validity contained in subsection 8
 
 [4]
 
 is triggered where certain evidence is presented, including evidence that “[t]he arbitration agreement provides that the offer to arbitrate, if accepted by the patient, must be revocable in writing for sixty days.”
 
 Id.
 
 at 181. Defendants correctly assert that the agreement in this case did provide that the agreement was revocable in writing for sixty days. However, defendants fail to recognize that the patient may rebut this presumption of validity by presenting evidence of noncompliance with the statutory requirements.
 
 Id.
 
 Here, plaintiff presented evidence that the agreement did not contain a provision that the patient’s legal representative, but not the hospital, could revoke the agreement. Any presumption of validity has therefore been rebutted.
 

 We hold that the arbitration agreement was not in strict compliance with the requirements of the mmaa and was thus not enforceable against plaintiff. Therefore, we affirm the trial court’s denial of defendants’ motion to compel arbitration, although we do so on the basis of reasoning different from that of the trial court. “When this Court concludes that a trial court has reached the correct result, this Court will affirm even if it does so under alternative reasoning.”
 
 Messenger v Ingham Co Prosecutor,
 
 232 Mich App 633, 643; 591 NW2d 393 (1998).
 

 
 *702
 
 Because of our resolution of this case, we decline to address the question whether defendants waived their right to arbitration. Were we to reach this issue and resolve it in defendants’ favor, we would still be required to affirm the decision of the trial court because we find that the arbitration agreement is unenforceable against plaintiff. This Court may decline to address issues not necessary to the resolution of the case at hand.
 
 Kernen v Homestead Development Co,
 
 232 Mich App 503, 513; 591 NW2d 369 (1998).
 

 Affirmed.
 

 [1]
 

 The mole was determined to contain cancer, of which decedent eventually died.
 

 [2]
 

 Plaintiff does not dispute that the agreement does contain the verbatim statement required by subsection 4. However, this statement does not completely satisfy the requirements of subsection 3.
 

 [3]
 

 We do not decide whether the agreement would be enforceable by plaintiff against defendants.
 

 [4]
 

 MCL 600.5042(8); MSA 27A.5042(8).