# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2002-CA-00283-SCT

*TODD W. DUNN*

*v.*

*JUDY H. DUNN*

| | |
|---|---|
| DATE OF JUDGMENT: | 1/23/2002 |
| TRIAL JUDGE: | HON. DOROTHY WINSTON COLOM |
| COURT FROM WHICH APPEALED: | OKTIBBEHA COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | DAVID MICHAEL BRISOLARA |
| ATTORNEY FOR APPELLEE: | DOLTON W. McALPIN |
| NATURE OF THE CASE: | CIVIL - REAL PROPERTY |
| DISPOSITION: | AFFIRMED - 06/12/2003 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**WALLER, JUSTICE, FOR THE COURT:**

¶1.     The Oktibbeha County Chancery Court reformed a certain real estate deed in favor of Judy H. Dunn and against Todd W. Dunn. The chancery court also ordered Judy to pay $42,973.57, an amount owed pursuant to a mortgage on the real estate, to the Merchants & Farmers Bank in Starkville. Judy made the payment after the final judgment was entered in the chancery court, resulting in this fact not being a matter of record on appeal. Todd appealed to this Court, which reversed and rendered.[1] This ruling's effect was that Todd was never divested of the title. Judy then filed, in the chancery court, a motion for restitution and other relief against Todd to recover the $42,973.57 paid by her to satisfy the debt against

---

[1]***Dunn v. Dunn***, 786 So. 2d 1045 (Miss. 2001).

the real estate. Todd responded, alleging that the issue of restitution had been raised before and ruled upon by this Court. Therefore, he argued, res judicata prevented Judy from relitigating the issue. The chancery court, rejecting Todd's argument, and noting that Judy made the payment under court order, granted Judy's motion for restitution. Todd appeals, arguing that allowing Judy to proceed in chancery court after this Court has reversed and rendered, flies in the face of the principle of finality of judgments. He claims that the issue was before the Court on appeal because the order that was appealed both reformed the deed and ordered Judy to pay the funds to the bank. Because Judy did not present her claim for restitution to this Court by way of a cross-appeal, Todd argues that Judy's only recourse would have been to file a motion for rehearing under M.R.A.P. 40. Because she failed to do so, she is procedurally barred from proceeding in the chancery court.

¶2.     We find that the issues of Judy's payment and Todd's unjust enrichment were not raised in the first appeal, are not barred by res judicata, and therefore were properly brought before the chancery court by way of motion for restitution.

## DISCUSSION

### I.     WHETHER JUDY IS BARRED FROM PROCEEDING ON A MOTION FOR RESTITUTION IN CHANCERY COURT WHEN SHE FAILED TO FILE A CROSS-APPEAL IN #2000-CA-00714-SCT.

¶3.     We have never addressed the issue of when a party must file a cross-appeal. We therefore review authority from other jurisdictions.

¶4.     Michigan courts have held, "Generally, the failure to file a cross appeal precludes the appellee from raising an issue not raised by appellant." *Hajj v. Roat*, 2002 WL 571785 *1 (Mich. Ct. App. 2002) (citing *Kosmyna v. Botsford Cmty. Hosp.*, 607 N.W.2d 134 (Mich. Ct. App. 1999)). However,

2

"[w]hile a cross appeal is necessary to obtain a decision more favorable than that rendered by the lower tribunal, it is not necessary to urge an alternative ground for affirmance, even if the trial court considered and rejected that alternative ground." ***Hajj***, 2002 WL 571785 at *1 (citing ***In re Herbach***, 583 N.W.2d 541 (Mich. Ct. App. 1998)); *see also **Kosmyna***, 607 N.W.2d at 136.

¶5.     Likewise, Arizona courts have held that "[a] party may not appeal from any portion of a judgment that does not aggrieve it." ***Larkin v. State ex rel. Rottas***, 857 P.2d 1271, 1279 (Ariz. Ct. App. 1993) (citing ***State v. O'Connor***, 827 P.2d 480, 485 (Ariz. Ct. App. 1992)).

¶6.     Our own Court of Appeals has recently held that "[i]n order for the appellee to gain reversal of any part of the decision of a trial court about which the appellant brings no complaint, the appellee is required to file a cross-appeal." ***Delta Chem. & Petroleum, Inc. v. Citizens Bank of Byhalia, Miss.***, 790 So. 2d 862, 878 (Miss. Ct. App. 2001).

¶7.     The State of Ohio has adopted an appellate rule of procedure which states as follows:

> 3(C)(1): *Cross appeal required.* A person who intends to defend a judgment or order against an appeal taken by an appellant and who also seeks to change the judgment or order or, in event the judgment or order may be reversed or modified, an interlocutory ruling merged into the judgment or order, shall file a notice of cross appeal within the time allowed by App.R. 4.
>
> 3(C)(2): *Cross appeal not required.* A person who intends to defend a judgment or order appealed by an appellant on a ground other than that relied on by the trial court but who does not seek to change the judgment or order is not required to file a notice of cross appeal.

Ohio App. R. 3(C)(1).

¶8.     Following this precedent, we conclude that an appellee should not be required to file a cross-appeal unless he or she is aggrieved by the trial court's judgment. Because Judy won a favorable judgment in the chancery court, her position on appeal was to have this Court affirm the judgment. She did not seek to

3

alter or reverse the judgment below. Therefore, she was not required to raise any issues on cross-appeal.

Also, the issue of unjust enrichment did not ripen until this Court entered its judgment.

> **II.  WHETHER JUDY IS BARRED FROM PROCEEDING ON A MOTION FOR RESTITUTION IN CHANCERY COURT WHEN SHE FAILED TO FILE A MOTION FOR REHEARING IN #2000-CA-00714-SCT.**

¶9.     Under M.R.A.P. 40,[2] motions for rehearing are properly brought when the court has overlooked or misapprehended points of law or fact. Here, the Court did not overlook or misapprehend any points of law or fact because the issue of restitution was not raised in the first appeal. As stated above, the issue of restitution did not ripen until this Court entered its judgment.

¶10.    If no motion for rehearing is filed within fourteen days of the entry of the appellate court's judgment, *see* M.R.A.P. 40(a), the judgment becomes res judicata. This is so even where the issue was not raised during appeal and the appellate court did not consider it on the merits. It is axiomatic that res judicata prevents the parties from relitigating all issues tried in the prior lawsuit, as well as all matters which should have been litigated and decided in the prior suit. *Dunaway v. W.H. Hopper & Assocs., Inc.*, 422 So. 2d 749, 751 (Miss. 1982).

¶11.    We find that the issue of restitution could not have been raised before the Court in a motion for rehearing because there was absolutely no evidence in that record concerning any actions by the parties

---

[2]M.R.A.P. 40(a) **Time for Filing; Content; Answer; Action by Court if Granted**.

> . . . The motion shall state with particularity the points of law or fact which, in the opinion of the movant, the court has overlooked or misapprehended and shall contain such argument in support of the motion as movant desires to present. The motion for rehearing should be used to call attention to specific errors of law or fact which the opinion is thought to contain. . . .

in response to that part of the judgment which ordered Judy to pay the bank. Because Judy's payment to the bank in accordance with the chancery court's order was not in the record, the issue of restitution was not a proper basis for a motion for rehearing. The only thing Judy could do was what she did: she went back to the chancery court via a motion for restitution, made a record that the payment was remitted, and, in light of this Court's ruling, asked for restitution. This Court could not have reviewed the issue of restitution until a record showing the payment was before the Court. Therefore, res judicata does not apply to the issue of restitution.

### III.     WHETHER TODD WAS UNJUSTLY ENRICHED.

¶12.     The equitable principle of unjust enrichment clearly applies to the facts at hand. Judy paid the bank with the understanding that she had title to the property. When she was divested of title, Todd, the owner, got the property back debt-free as Judy had paid off his indebtedness. Todd is not entitled to profit from Judy's payment. *See, e.g., **Milliken & Michaels, Inc. v. Fred Netterville Lumber Co.***, 676 So. 2d 266, 269 (Miss. 1996). In ***Milliken***, the Court quoted at length from ***Bessler Movable Stairway Co. v. Bank of Leakesville***, 140 Miss. 537, 106 So. 445 (1925), as follows:

> Money paid to another by mistake of fact, although such mistake may have been caused by payor's negligence, may be recovered from the person to whom it was paid, in an action for money had and received. The ground on which recovery is allowed is that one receiving money paid to him by mistake should not be allowed to enrich himself at the expense of the party who paid the money to him by retaining it, but in equity and good conscience should refund it. In order that this rule may apply, the party to whom the payment mistake was made must be left in the same situation after he refunds it as he would have been left had the payment not been made.

*Milliken*, 676 So. 2d at 269 (citations omitted). *See also **U.S.F.&G. Co. v. Newell***, 505 So. 2d 284 (Miss. 1987). Even though the money was not paid directly to Todd, he benefitted from the payment of the money. In equity and good conscience, Todd should have refunded the money to Judy without the necessity of further legal or equitable action. Therefore, the chancery court did not err in ordering restitution.

## CONCLUSION

¶13. Because Judy could not have raised the issue of restitution in the first appeal, res judicata does not apply to her claim. Todd was undoubtedly unjustly enriched by Judy's payment. We therefore affirm the chancery court's judgment granting Judy's motion for restitution.

¶14. **AFFIRMED.**

**PITTMAN, C.J., SMITH, P.J., COBB, DIAZ, CARLSON AND GRAVES, JJ., CONCUR. McRAE, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION. EASLEY, J., NOT PARTICIPATING.**

**McRAE, PRESIDING JUSTICE, DISSENTING:**

¶15. The majority erroneously finds that Judy was not required to file a mandatory cross appeal in the original action and that she is not barred by res judicata from re-litigating issues which were decided in the original action. Judy had ample opportunity to litigate her claim and could have utilized the Rules of Appellate Procedure to correct or modify the record in the original appeal to reflect her payment of the loans. Judy's failure to file a mandatory cross-appeal, motion for rehearing, and/or motion to correct or amend mandate amounts to a procedural bar for review. Furthermore, res judicata most certainly applies under the circumstances of this case since it was the same subject matter, same parties, and basically the same issues. For these reasons, I dissent.

¶16. In 2001, this Court decided *Dunn v. Dunn*, 786 So.2d 1045 (Miss. 2001), wherein the same facts presented before us today were litigated. The Chancellor of Oktibbeha County had ordered reformation of a deed in favor of Judy and ordered Judy to pay off the existing loan on the land. *Id*. at 1047. Before the appeal to this Court, Judy paid off the loan in accordance with the Chancellor's order.

7

The issues presented and decided on this original appeal included: (1) Did the Court err in its additional findings of facts submitted to the Mississippi Supreme Court in support of the Court's denial of the Defendant's Motion for Stay of Execution; (2) Did the Court commit reversible error in reforming the warranty deed based upon a finding of mistake on the part of the Plaintiff; (3) Did the Court err as a matter of law in finding that the Defendant had a confidential relationship with the Plaintiff; and (4) Did the Court err in denying Todd the relief sought in his Counter Complaint. *Id.* at 1048-55. Ultimately, we reversed the order of the Chancery Court "to the extent that it reformed the warranty deed from Judy H. Dunn to Todd W. Dunn" and "rendered here for Todd dismissing Judy's complaint and action with prejudice." *Id.* at 1055. In conclusion we stated that "[i]n all other respects the judgment is affirmed." *Id.* In *Dunn*, we never addressed any facts concerning Judy's payment of the loan because there was nothing in the record to that effect and Judy did not raise the issue by cross-appeal. However, our closing statement in the case tends to show that we were aware of the portion of the Chancellor's order which made Judy responsible for payment of the loan. Thus, Judy was in a position to file either a motion to rehear or a motion to correct or amend the mandate, she did not.

¶17.     Res judicata clearly applies to the present cause of action. "The requisites for application of the doctrine of res judicata are: (1) identity of the thing sued for; (2) identity of the cause of action; (3) identity of the persons and parties to the cause of action; and (4) identity of the quality in the persons for and against whom the claim is made." *Standard Oil Co. v. Howell*, 360 So.2d 1200, 1202 (Miss. 1978) (citing *Pray v. Hewitt*, 254 Miss. 20, 179 So.2d 842 (1965)). *See also* *Taylor v. Taylor*, 835 So.2d 60, 65 (Miss. 2003); *Pro-Choice Miss. v. Fordice*, 716 So.2d 645, 655 (Miss. 1998); *Little v. V & G Welding Supply, Inc.*, 704 So.2d 1336, 1338 (Miss. 1997). Res judicata bars litigation in a second action "of all grounds for, or defenses to, recovery that were available to the parties regardless of whether

8

they were asserted or determined in the prior proceeding." *Johnson v. Howell*, 592 So.2d 998, 1002 (Miss. 1991) (quoting *Dunaway v. W.H. Hopper & Assocs., Inc.*, 422 So.2d 749, 751 (Miss. 1982)).

¶18.　　The first requirement is identity of the subject matter. There is no doubt that the original lawsuit and the present action involve the same subject matter. The original action concerned the loan on the land, reformation of the land deed, the trial court's denial of the Motion to Stay Execution, whether a confidential relationship existed, and costs for damages and rent. *Dunn*, 786 So.2d at 1048-55. The present action seeks restitution for payment of the loan on the land. These two actions are the same subject matter. Both sought determination as to the land loan and or who owed what. The second requirement is identity of the cause of action. This is found where there is commonality concerning the "underlying facts and circumstances upon which the claim is asserted and relief sought." *Riley v. Moreland*, 537 So.2d 1348, 1354 (Miss. 1989). This requirement is also fulfilled under the facts and circumstances of both actions. Both the original action and the present action are based on the same facts. The facts have already been litigated in the original action. The third requirement is identity of the parties. Both parties are the same in the original and present suit. The fourth requirement is identity of the quality or character of the person for or against whom the suit is brought. This too is fulfilled. Thus, the four requirements for res judicata are met. It is of no consequence that Judy failed to cross-appeal and litigate the loan issue in the original action because as we have stated res judicata not only applies to issues that were litigated but also to issues that "should have been litigated." *Johnson*, 592 So.2d at 1002. Judy should have raised the loan payment issue on appeal in the original action. Her failure to do so amounts to res judicata since we reversed and rendered in the original suit.

¶19.　　Another important point is finality of judgment. In the *Dunn*, we reversed and rendered and specifically stated that:

> [T]he judgment of the Oktibbeha County Chancery Court is reversed to the extent that it reformed the warranty deed from Judy H. Dunn to Todd W. Dunn, and judgment is rendered here for Todd dismissing Judy's complaint and action with prejudice. In all other respects the judgment is affirmed.

786 So.2d at 1055. Our opinion was a final judgment on the merits. "A final judgment on the merits of an action precludes the parties and their privies form re-litigating claims that were or could have been raised in that action." ***Walton v. Bourgeois***, 512 So.2d 698, 701 (Miss. 1987) (citations omitted). "A final judgment has been defined by this Court as a judgment adjudicating the merits of the controversy which settles all the issues as to all the parties." ***Sanford v. Bd. of Supervisors***, 421 So.2d 488, 490-91 (Miss. 1982) (citations omitted). "An order is considered final if it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."' ***Banks v. City Fin. Co.***, 825 So.2d 642, 645 (Miss. 2002) (quoting ***Catlin v. United States***, 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945)). Our 2001 opinion in ***Dunn***, was a final order and adjudication on the merits. Judy can not now attempt to attack this ruling. Additionally, we would not have included language to the effect that "[i]n all other respects the judgment is affirmed," if we were not passing upon the portion of the Chancellor's order concerning Judy's responsibility to pay the loan. That was the only part of the order which we did not reverse, why include such language if we were not meaning to affirm that portion of the order which Judy now attempts to litigate.

¶20.    Additionally, Judy had ample opportunity to utilize the Rules of Appellate Procedure to obtain timely relief on this issue. Under Mississippi Rule of Appellate Procedure 10(e), Judy could have requested correction or modification of the record to clarify to this Court that she indeed had paid the loan in reliance on the Chancellor's ruling. Rule 10(e) provides in relevant part:

> If any difference arises as to whether the record truly discloses what occurred in the trial court, the difference shall be submitted to and settled by that court and record

10

made to conform to the truth.  **If anything material to either party is omitted from the record by error or accident or is misstated in the record**, the parties by stipulation, or the trial court either before or after the record is transmitted to the Supreme Court or the Court of Appeals, or either appellate court on proper motion or of its own initiative **may order that the omission or misstatement be corrected, and, if necessary, that a supplemental record by filed**. . . .

Miss. R. App. P. 10(e) (emphasis added).  Judy knew that she had complied with the Chancellor's order and paid the loan but did nothing to present this Court with the facts surrounding such payment.  If Judy had corrected or modified the record to include such information, then this Court would have had the necessary facts to grant relief in the original action.

¶21.    Judy's failure to file a cross-appeal in the original appeal is also a procedural error.  Under Rule 3(a) of the Mississippi Rules of Appellate Procedure, a party is required to file a notice of appeal or face possible dismissal of their claim.  Rule 3(a) states in relevant part:

> In all cases, both civil and criminal, in which an appeal is permitted by law as of right to the Supreme Court, **there shall be one procedure for perfecting such appeal** . . . . An appeal permitted by law as of right from a trial court to the Supreme Court shall be taken by **filing a notice of appeal with the clerk of the trial court within the time allowed by Rule 4.**  Failure of an appellant to take any steps other than the timely filing of a notice of appeal does not affect the perfection of the appeal, but is ground only for such action as the Supreme Court deems appropriate, which may include dismissal of the appeal.

Miss. R. App. P. 3(a) (emphasis added).   Rule 4(a) prescribes the proper time period for such appeal.

Miss. R. App. P. 4(a).  Rule 4(a) states in relevant part:

> Except as provided in Rule 4(d) and 4(e), in a civil or criminal case in which an appeal or **cross appeal is permitted by law as of right from a trial court to the Supreme Court**, the notice of appeal required by Rule 3 shall be filed with the clerk of the trial court within **30 days after the date of entry of the judgment or order appealed from.**

(emphasis added).  Failure to file timely notice of appeal deprives this Court of jurisdiction to review an issue.  *See **Bank of Edwards v. Cassity Auto Sales, Inc.**, 599 So.2d 579 (Miss.

1992); *Duncan v. St. Romain*, 569 So.2d 687 (Miss. 1990); *Tandy Electronics, Inc. v. Fletcher*, 554 So.2d 308 (Miss. 1989); *McCarty Farms, Inc. v. Kelly*, 811 So.2d 250 (Miss. Ct. App. 2001). Additionally, "[f]ailure to file a notice of cross appeal is usually considered fatal." *Lindsey v. Lindsey*, 612 So.2d 376, 378 (Miss. 1992) *See also McCarty Farms*, 811 So.2d 250 (holding issues raised by appellee would not be determined by this Court since she failed to file a cross-appeal).

¶22.     These rules make it clear, that cross-appeals are of the same nature as direct appeals. They are prescribed the same procedural rules, and failure to follow the rules prescribed may result in dismissal of the issues on appeal. Additional support for a finding that Judy's claims are appropriately compulsory cross-appeal claims, is found in the Mississippi Rules of Civil Procedure. Rule 13(a) of the Mississippi Rules of Civil Procedure provides in relevant part:

> A pleading shall state as a counter-claim any claim which at the time of serving the pleading the pleader has against any opposing party if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties over whom the court cannot acquire jurisdiction. . . . In the event an otherwise compulsory counter-claim is not asserted in reliance upon any exception stated in paragraph (a), re-litigation of the claim may nevertheless be barred by the doctrines of res judicata or collateral estoppel by judgment in the event certain issues are determined adversely to the party electing not to assert the claim.

A compulsory counter-claim is of the same nature as a compulsory cross-appeal. Just as failure to raise a compulsory counter-claim may bar subsequent action on an issue, failure to raise a compulsory cross appeal may also lead to res judicata or collateral estoppel. The Court of Appeals has also held that "[i]n order for the appellee to gain reversal of any part of the decision of a lower tribunal about which the appellant brings no complaint, the appellee is required to file a cross-appeal." *Brock v. Hankins*

12

*Lumber Co.*, 786 So.2d 1064, 1068 (Miss. Ct. App. 2000). [3] In *Dunn*, Judy failed to cross-appeal. She failed to raise any issues concerning her payment of the loan. Her failure to raise such issues on cross-appeal is now a procedural bar in this action. Judy can not now raise such issues as under the Appellate Rules she had "30 days after the date of entry of the judgment or order" to appeal those issues. Miss. R. App. P. 4(a). Ultimately, her procrastination and inadvertence will be Todd's gain.

¶23.     Also, Judy's failure to file a motion for rehearing of the original action amounts to procedural bar. Mississippi Rule of Appellate Procedure 40(a) prescribes the proper procedure and timing for a motion for rehearing. Rule 40(a) states in pertinent part:

> A motion for rehearing may be filed within **14 days** after a decision is handed down on the merits of a case by the Supreme Court or the Court of Appeals. The motion shall state with particularity the points of law or **fact which, in the opinion of the movant, the court has overlooked or misapprehended and shall contain such argument in support of the motion as movant desires to present**. The motion for rehearing should be used to **call attention to specific errors of law or fact which the opinion is thought to contain**; the motion for rehearing is not intended to afford an opportunity for a mere repetition of the argument already considered by the court.

Miss. R. App. P. 40(a) (emphasis added). Judy had fourteen days after this Court's  decision in *Dunn* to file a motion for rehearing. In such motion, Judy would have had the opportunity to address this Court's failure to specifically address the portion of the Chancellor's order which saddled her with the responsibility of paying off the loan on the land. It is not obvious whether the *Dunn* decision "overlooked" this fact when reversing and rendering a decision in favor of Todd.   However, in all equity and fairness,

---

[3] *See also* **Edwards v. Thigpen**, 433 So.2d 906, 908 (Miss. 1983) where this Court stated that "if the issue were raised on appeal then it has been previously litigated and therefore is barred from consideration in the present proceeding . . . [and] [i]f it were not raised on appeal, then the petitioner has accepted the trial court's determination of the issue . . . Failure to specifically assign such an error in the direct appeal before this Court resulted in petitioner's acceptance of the trial court's determination of this issue; therefore it is now barred."

had such information been called to our attention, we would have addressed this issue and likely have reversed the Chancellor's order which required Judy to pay off the loan. However, Judy's failure to file a motion for rehearing now acts as a procedural bar to review of this issue.

¶24. Finally, Judy's failure to file a motion to amend or correct the mandate also acts as a procedural bar to the issue she is now presenting. Mississippi Rule of Appellate Procedure 41(e) provides the proper procedure and timing for a motion to amend or correct. Rule 41(e) states:

> Any motion to amend or correct the mandate may be filed within fourteen (14) days after the court has issues the mandate or any addition to the mandate.

Miss. R. App. P. 41(e). The content of such motion is controlled by Rule 27(a) which requires the motion to "state with particularity the ground on which it is based, and the order or relief sought." Miss. R. App. P. 27(a). If Judy took issue with this Court's opinion in *Dunn*, she should have filed a motion to amend or correct mandate at least fourteen days after the judgment was issues. Our failure to specifically address the portion of the Chancellor's order which required Judy to pay the loan would have been ample grounds for such a motion. Her failure to follow the proper procedure can only lead to one result, dismissal of the issues for which she now seeks review. Judy's failure to file a cross appeal, motion for rehearing, and/or motion to correct or amend acts as a procedural bar to review. Judy's restitution claim should have been dismissed since res judicata and other procedural bars prevent its re-litigation. Accordingly, I would reverse the chancery court judgment awarding Judy restitution and render judgment finally dismissing Judy's restitution claim with prejudice as barred by res judicata and other procedural bars.

¶25. For these reasons, I dissent.