*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

EDGEWATER APARTMENT PROPERTIES, LLC,

Plaintiff-Appellee,

v

MARTHA EHLERT,

Defendant-Appellant,

and

JOYCE AUSTIN-ACKLEY and MALACHI
CHILDREY,

Defendants.

UNPUBLISHED
December 17, 2024
11:25 AM

No. 368141
Kent Circuit Court
LC No. 22-009117-CB

EDGEWATER APARTMENT PROPERTIES, LLC,

Plaintiff-Appellee,

v

JOYCE AUSTIN-ACKLEY,

Defendant-Appellant,

and

MARTHA EHLERT AND MALACHI CHILDREY,

Defendants.

No. 368142
Kent Circuit Court
LC No. 22-009117-CB

EDGEWATER APARTMENT PROPERTIES, LLC,

-1-

                    Plaintiff-Appellee,

v                                                    No.  368143
                                                     Kent Circuit Court
MALACHI CHILDREY,                                    LC No.  22-009117-CB

                    Defendant-Appellant,
and

MARTHA EHLERT and JOYCE AUSTIN-
ACKLEY,

                    Defendants.


Before:  GARRETT, P.J., and RICK and MARIANI, JJ.

PER CURIAM.

        In these consolidated appeals,[1] defendants, Martha Ehlert, Joyce Austin-Ackley, and
Malachi Childrey, appeal as of right the trial court's order granting summary disposition to
plaintiff, Edgewater Apartment Properties, LLC, and further granting a judgment in favor of
plaintiff for $88,958.53.  We affirm in part and reverse in part.

                            I.  FACTUAL BACKGROUND

        This action arises out of the alleged conversion of proprietary information owned by
plaintiff.  Plaintiff is a property management company that owns and operates several apartment
complexes in and around Kent County, Michigan.  Defendants Ehlert and Austin-Ackley were
employed by plaintiff from 2016 to 2022.  As part of their employment, plaintiff provided Ehlert
and Austin-Ackley with company laptops and gave them access to confidential information about
company business practices.

        In 2022, plaintiff discovered that Ehlert and Austin-Ackley were engaging in "various real
estate ventures that competed with [plaintiff], without [plaintiff]'s knowledge."  Plaintiff believed
that Ehlert and Austin-Ackley were "plotting to convert [plaintiff]'s Business Information and
proprietary documents prior to their departure from the company."  Ehlert submitted her
resignation notice on May 17, 2022, and plaintiff immediately asked that she and Austin-Ackley
both return their company laptops.  On May 18, 2022, plaintiff recovered Austin-Ackley's laptop
from her desk at plaintiff's leasing office and discovered that business information had been
deleted from the laptop and that it was disconnected from the company Microsoft OneDrive

---

[1] *Edgewater Apt Props, LLC v Ehlert*, unpublished order of the Court of Appeals, entered April 16,
2024 (Docket Nos. 368141; 368142; 368143).

account. That same day, two company employees went to Ehlert's house to recover her company laptop, and were informed by Ehlert that her son, Malachi Childrey, was removing Ehlert's "personal files" from the laptop before she returned it. Ehlert eventually turned over the laptop, which had been subjected to a factory reset. It was disconnected from the OneDrive account and was missing business information that belonged to plaintiff. Plaintiff's staff subsequently discovered that two desktop computers in the company's leasing office had also been reset.

Plaintiff filed a complaint alleging nine counts against defendants, including common-law and statutory conversion, embezzlement, disposition, concealment and possession of stolen property against all defendants (Count I); computer fraud against all defendants (Counts II and III); an additional count of computer fraud against Childrey (Count IV); breach of fiduciary duty against Ehlert and Austin-Ackley (Count V); tortious interference with business relations or expectancy against all defendants (Count VI); civil conspiracy against all defendants (Count VII); violation of the Michigan Uniform Trade Secrets Act, MCL 445.1901 *et seq*., against Ehlert and Austin-Ackley (Count VIII); and a request for injunctive relief (Count IX).

During the course of litigation, plaintiff filed a motion for summary disposition and brief in support against all defendants under MCR 2.116(C)(10) (no genuine issue of material fact). Plaintiff argued that defendants converted company property, as admitted by Ehlert in her deposition and through computer forensic evidence. According to Ehlert's deposition, she had Childrey wipe her laptop and Austin-Ackley's laptop because the OneDrive account was attached to her personal Microsoft account. Ehlert testified that she could see no other way to protect her personal information than to factory-reset both laptops.

According to plaintiff, Ehlert was aware that she was saving company documents to a OneDrive account that was linked to her personal Microsoft login credentials, but did it anyway. Austin-Ackley continued to work on her laptop as though her laptop had not been tampered with, until plaintiff discovered that the laptop had been wiped. Ehlert admitted that she had to go home to get the company laptop on May 18, 2022, and that she was using her personal laptop for work business on that day. When asked to return her laptop, Ehlert refused to do so until Childrey performed a factory reset, going so far as to leave two of plaintiff's employees waiting on her front porch while Childrey reset the laptop. When asked whether she stored company information on her personal laptop, Ehlert stated that she did not, but alleged that the laptop had been stolen in a robbery.

Plaintiff went on to explain that once it had the laptops back, numerous files were inaccessible because they were linked to the OneDrive account that defendants had disconnected. In her deposition, Ehlert confirmed that those files included plaintiff's "company documents, such as breakdowns of money received for the month, security deposit reports, rent rolls containing rental amounts and lease dates, lease agreement templates, among other documents directly related to [plaintiff's] business affairs." After Ehlert signed a protective order in March 2023 and gave plaintiff access to the OneDrive, plaintiff discovered that Ehlert was in possession of approximately 4,900 company documents belonging to plaintiff. Plaintiff summarized the conversion claim as follows:

> It is well established that Ehlert, Ackley, and Childrey all participated in common-law and statutory conversion of [plaintiff]'s company property.

Defendant Childrey was instrumental in removing the company files from [plaintiff]'s laptops at the direction of Ehlert. Ackley knowingly gave her laptop to Ehlert so that information could be removed. After Ehlert returned the laptop completely wiped of company data, Ackley concealed that fact from [plaintiff] and continued to "work" from her laptop as usual for an entire week. Further, Defendants refused to return [plaintiff]'s company data even after they received multiple demands. Therefore, all three Defendants participated in "receiving, possessing, concealing, or aiding in the concealment" of the converted . . . property and [plaintiff] is entitled to obtain treble damages, costs, and attorney fees from Defendants under MCL 600.2919a.

Plaintiff alleged that it incurred damages in the amount of $88,958.38. Plaintiff further argued that defendants' actions violated the Computer Fraud Abuse Act, 18 USC 1030 *et seq.*, because they factory-reset the laptops, which were plaintiff's property, without plaintiff's permission. Attached to the motion was an affidavit from Brandon Fannon, a computer forensic analyst employed by Axis Discovery, LLC, a digital forensics company. The affidavit stated that he discovered that Ehlert's and Austin-Ackley's company laptops had been factory reset. All of the documents stored on the laptops had been erased and were unrecoverable. Fannon further attested that he also analyzed two desktop computers used by Ehlert and Austin-Ackley and determined that company data had been copied from those computers onto "numerous external USB storage devices[.]" Plaintiff alleged that it cost $13,353.74 to recover the documents and information lost as a result of defendants' tampering, which was supported by Fannon's affidavit.

Plaintiff also contended that Ehlert and Austin-Ackley breached the duty of loyalty owed to their employer by working for and soliciting business from plaintiff's direct competitors while still employed by plaintiff, and that their actions constituted tortious interference with business relations. Plaintiff finally argued that defendants' actions proved that they were guilty of civil conspiracy. Plaintiff therefore asked that the court grant its motion for summary disposition and enter a judgment in its favor for $88,958.53, which is a treble-damages award based on statutory conversion, MCL 600.2919a.

Notice of a hearing on the motion for summary disposition was issued on August 16, 2023, stating that the hearing would be held on September 21, 2023. The record indicates that defendants were served with a copy of plaintiff's motion and notice of the hearing by mail the same day. Defendants never responded to the motion for summary disposition, nor did they appear at the September 2023 hearing. The trial court thus elected to grant plaintiff's motion for summary disposition. In ruling on the motion, the trial court stated:

All right. The—a motion under [section] (C)(10) must, specifically, identify the issues as to which the moving parties believes [sic]there's no genuine issue as to any material fact. When a motion under (C)(10) is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his or her pleading but must, by affidavits, or as otherwise provided in this rule, set forth specific facts showing that there's a genuine issue for trial. If the adverse party does not respond[,] judgment, if appropriate, shall be entered against him or her. That is MCR—excuse me, MCR 2.116(G)(4).

-4-

And, the defendants have not responded. Have not submitted an affidavit or any other testimony that would indicate that they're contesting the factual basis for which the plaintiff seeks summary disposition in this case. And, the pleadings set forth the facts . . . . [A]s to those facts, and the law as to counts one, the common-law statutory conversions, embezzlement, and counts two, three, and four, relating to the Computer Fraud and Abuse Act. The facts and the law, as set forth in the plaintiff's brief, the Court adopts. It sets forth the basis for a judgment and judgment is appropriate based on those facts.

The remaining allegations, I would indicate, certainly, there's not a dispute, but do they give rise to the level of tortious interference, breach of fiduciary duty, especially as it relates to Mr. Childrey, the role of Ms. Ehlert, there could be questions that the Court may raise. But I'm going to accept an entry of the judgment based on Counts one, two, three, and four, in the amount of $88,958.38 against the defendants joint and severally.

The trial court thereafter entered an order granting plaintiff's motion for summary disposition, entering judgment in favor of plaintiff as to Counts I through IV, and dismissing plaintiff's remaining claims with prejudice. This appeal followed.

## II. ANALYSIS

### A. NOTICE

Defendants, appearing as self-represented litigants on appeal, first argue that they were not properly served with notice of the September 21, 2023 hearing on plaintiff's motion for summary disposition. We disagree.

Generally, whether a party was afforded notice in compliance with due process of law is reviewed de novo by this Court. *Vicencio v Ramirez*, 211 Mich App 501, 503; 536 NW2d 280 (1995). However, an issue is only preserved for appellate review if it has been raised before the lower court. See *Glasker-Davis v Auvenshine*, 333 Mich App 222, 227; 964 NW2d 809 (2020) (finding that an issue needs to either be raised in or addressed by the lower court to be preserved). Defendants' claim regarding notice was not raised or addressed in the trial court, and is raised for the first time on appeal. "In civil cases, Michigan follows the 'raise or waive' rule of appellate review." *Tolas Oil & Gas Exploration Co v Bach Servs & Mfg, LLC*, ___ Mich App ___; ___ NW3d ___ (2023) (Docket No. 359090); slip op at 2, citing *Walters v Nadell*, 481 Mich 377, 387; 751 NW2d 431 (2008). Put simply, this means that if a party does not raise an issue in the court below, it is waived in its entirety. However, the "raise-or-waive" rule may be overlooked if the "failure to consider the issue would result in manifest injustice, if consideration is necessary for a proper determination of the case, or if the issue involves a question of law and the facts necessary for its resolution have been presented." *Smith v Foerster-Bolser Constr, Inc*, 269 Mich App 424, 427; 711 NW2d 421 (2006) (citations omitted).

This issue concerns a threshold question of law and the necessary facts are available to allow this Court to review it. We therefore overlook the preservation requirements and treat this issue as preserved.

"Due process requires that a party receive notice of the proceedings against it and a meaningful opportunity to be heard." *Sandstone Creek Solar, LLC v Benton Twp*, 335 Mich App 683, 712; 967 NW2d 890 (2021). Notice must "be reasonably calculated to apprise interested parties of the action[.]" *Sidun v Wayne Co Treasurer*, 481 Mich 503, 515; 751 NW2d 453 (2008) (quotation marks and citations omitted). MCR 2.107 governs the service and filing of pleadings, and provides:

> (C) Manner of Service. Except under MCR 1.109(G)(6)(a),[2] service of a copy of a document on an attorney must be made by delivery or by mailing to the attorney at his or her last known business address or, if the attorney does not have a business address, then to his or her last known residence address. Except under MCR 1.109(G)(6)(a), *service on a party must be made by delivery or by mailing to the party at the address stated in the party's pleadings*.
>
> * * *
>
> (3) Mailing. Mailing a copy under this rule means enclosing it in a sealed envelope with first class postage fully prepaid, addressed to the person to be served, and depositing the envelope and its contents in the United States mail. Service by mail is complete at the time of mailing. [MCR 2.107(C) and (C)(3) (emphasis added).]

MCR 2.119 governs notice of hearings in civil proceedings. It provides:

> (1) Unless a different period is set by these rules or by the court for good cause, a written motion (other than one that may be heard ex parte), notice of the hearing on the motion, and any supporting brief or affidavits must be served as follows:
>
> (a) at least 9 days before the time set for the hearing, if served by first-class mail, or
>
> (b) at least 7 days before the time set for the hearing, if served by delivery under MCR 2.107(C)(1) or (2) or MCR 1.109(G)(6)(a).
>
> (2) Unless a different period is set by these rules or by the court for good cause, any response to a motion (including a brief or affidavits) required or permitted by these rules must be served as follows:
>
> (a) at least 5 days before the hearing, if served by first-class mail, or
>
> (b) at least 3 days before the hearing, if served by delivery under MCR 2.107(C)(1) or (2) or MCR 1.109(G)(6)(a).

---

[2] MCR 1.109(G)(6)(a) governs electronic filing and service.

(3) If the court sets a different time for serving a motion or response its authorization must be endorsed in writing on the face of the notice of hearing or made by separate order.

(4) Unless the court sets a different time, a motion must be filed at least 7 days before the hearing, and any response to a motion required or permitted by these rules must be filed at least 3 days before the hearing. [MCR 2.119(C).]

On August 16, 2023, defendants were each served by mail with a copy of plaintiff's motion for summary disposition and notice of a hearing on the motion, to be held via Zoom over a month later, on September 21, 2023. Plaintiff mailed the notices to defendants' home addresses because defendants appeared as self-represented litigants in the court below.[3] Plaintiff additionally mailed the notices within the time limits set forth in MCR 2.119(C). In every respect, plaintiff appears to have adhered to the applicable court rules. Consequently, defendants were served in a manner reasonably calculated to apprise them of the hearing.

On appeal, defendants contend that they never received notice, but fail to explain how plaintiff failed to properly serve them. They do not contend that the documents concerning the motion and hearing were mailed to the wrong address, for example—and indeed, it appears that the notice was mailed to the correct listed address for each defendant—nor do they argue that some other failure on plaintiff's part resulted in a lack of proper notice. The only distinct argument raised in defendants' appellate briefing is that there is not an entry in the register of actions indicating that a proof of service was filed. The record does not support this claim. Item 56 in the register of actions indicates that a notice and proof of service were filed with the court in relation to plaintiff's motion for summary disposition. On this record, we conclude that defendants were properly served with notice by mail in accordance with the court rules. Their argument to the contrary therefore lacks merit.

## B. SUMMARY DISPOSITION

Defendants next argue that the trial court erred by granting summary disposition to plaintiff. At the outset, we note that, at oral argument before this Court, counsel for plaintiff conceded that summary disposition should not have been entered against defendants with respect to the counts brought under the Computer Fraud and Abuse Act. We correspondingly reverse the trial court's award of summary disposition as to Counts II, III, and IV. We otherwise disagree with defendants that the trial court erred in granting summary disposition to plaintiff.

Plaintiff moved for summary disposition under MCR 2.116(C)(10). Summary disposition under MCR 2.116(C)(10) is warranted when "there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." With respect to a (C)(10) motion, the moving party has the initial burden to present "the issues as to which the moving party believes there is no genuine issue as to any material fact." MCR 2.116(G)(4). The

---

[3] At one point, Austin-Ackley was represented by counsel, but counsel withdrew by stipulation before the motion for summary disposition was filed. Ehlert and Childrey represented themselves throughout the lower court proceedings.

burden then shifts to the nonmoving party—in this case, defendants—to establish a genuine issue of material fact. *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999). If the nonmoving party "fails to present any evidence, the motion is properly granted because no genuine issue of material fact exists." *Cleveland v Hath*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 363321); slip op at 5 (quotation marks and citation omitted). This Court has held that the motion *must* be granted under these circumstances "unless the moving party's motion fails to present a credible argument or itself presents evidence that creates a question of fact, such as inconsistent testimony about a central fact in the case." *Id*.

Defendants' arguments on appeal identify no internal conflict in plaintiff's summary disposition pleadings or failure in that motion to present a credible argument that would lead us to conclude that a genuine issue of material fact exists as to Count I of plaintiff's complaint, including plaintiff's claim of $88,958.38 in damages on its basis. See MCR 2.116(C)(10); MCR 2.116(G)(4). Moreover, as with defendants' notice argument, none of the arguments they make on appeal were ever made before the trial court, as defendants failed to respond to the motion before filing their respective claims of appeal. They are thus unpreserved. See *Glasker-Davis*, 333 Mich App at 227. As earlier discussed, Michigan follows the "raise-or-waive" rule in civil cases. *Tolas Oil*, ___ Mich App at ___; slip op at 2, citing *Walters*, 481 Mich at 387. The rule may be overlooked if the "failure to consider the issue would result in manifest injustice, if consideration is necessary for a proper determination of the case, or if the issue involves a question of law and the facts necessary for its resolution have been presented." *Smith*, 269 Mich App at 427 (citations omitted). However, our Supreme Court has emphasized that review of unpreserved claims of error should be done "sparingly," under "what appear to be compelling circumstances to avoid a miscarriage of justice or to afford a [criminal] defendant a fair trial." *Napier v Jacobs*, 429 Mich 222, 233; 414 NW2d 862 (1987).

Not only did defendants fail to respond to the motion for summary disposition in the lower court, they have also failed to show that the lack of response was justified based on lack of notice. There is no clear excuse for their failure to respond. Accordingly, defendants have forfeited their right to contest the trial court's ruling in favor of plaintiff. See *Tolas Oil*, ___ Mich App at ___; slip op at 5 ("Lest there be further confusion on this point, we hold that the plain-error rule of [*People v*] *Carines*[, 460 Mich 750, 763; 597 NW2d 130 (1999),] does not apply to civil cases and it is error to do so as it contradicts established Supreme Court precedent, which controls."). We likewise decline to overlook the preservation requirements or exercise our discretion to review defendants' substantive issues on the merits.

Thus, we see no grounds to disrupt the trial court's order granting plaintiff's motion for summary disposition as to Count I of plaintiff's complaint, including the court's accompanying award of $88,958.38 in damages.

## C. DEFAULT

Plaintiff alternatively argues that the trial court's ruling should be affirmed because defendants defaulted in the lower court. "[A]n appellee need not file a cross appeal in order to argue an alternative basis for affirming the trial court's decision[.]" *Kosmyna v Bostford Community Hosp*, 238 Mich App 694, 696; 607 NW2d 134 (1999). However, without filing a cross-appeal, plaintiff cannot seek a more favorable decision than what was rendered by the lower

tribunal. *Reidenbach v Kalamazoo*, 327 Mich App 174, 194; 933 NW2d 335 (2019). We therefore address the issue only as an alternative ground for affirmance.

"A default is a punitive measure used to encourage participation and cooperation in litigation." *Epps v 4 Quarters Restoration, LLC*, 498 Mich 518, 554; 872 NW2d 412 (2015). A default can be entered upon motion by a party or sua sponte by the trial court. MCR 2.504(B). Procedurally, plaintiff's contention that a default should have been entered against defendants here is incorrect. Generally, a default may be entered "[i]f a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend" as provided by the court rules. MCR 2.603(A)(1). However, if the defendant has taken some defensive action in the case, such as filing motions or otherwise participating in the litigation, they may be considered to have "otherwise defended" against the action. See *Village of Edmore v Crystal Automation Sys*, 332 Mich App 244, 255; 911 NW2d 241 (2017) (finding that the trial court abused its discretion by entering a default against the defendant even though the defendant previously appeared in court and participated in the litigation). Here, defendants answered plaintiff's complaint and previously defended against a motion for a preliminary injunction. Based on the court rules and available caselaw, entry of a default would not have been proper under these circumstances. Thus, plaintiff's argument on this point lacks merit.

## III. CONCLUSION

For the reasons discussed, we reverse the trial court's order to the extent it granted summary disposition to plaintiff on Counts II, III, and IV, and otherwise affirm the order and its award of $88,958.38 in damages to plaintiff.[4]

/s/ Kristina Robinson Garrett
/s/ Michelle M. Rick
/s/ Philip P. Mariani

---

[4] We recognize that defendants are representing themselves on appeal and appreciate that representing oneself can be uniquely challenging. We cannot treat self-represented litigants more leniently than those who are represented by an attorney. See *Totman v Royal Oak Sch Dist*, 135 Mich App 121, 126; 352 NW2d 364 (1984) (noting that generally, self-represented litigants "should be held to the same standards as members of the bar."). However, there are tools to assist the self-represented. To that end, the Michigan Supreme Court provides resources to help self-represented litigants navigate the legal system. See One Court of Justice, *Self-Represented Litigants* <https://www.courts.michigan.gov/resources-for/the-public/self-represented-litigants/> (accessed December 13, 2024).