ZGNILEC v GENERAL MOTORS CORPORATION (ON REMAND)

Docket No. 194153. Submitted December 11, 1996, at Detroit. Decided July 8, 1997, at 9:05 A.M.

Robert Zgnilec sought worker's disability compensation benefits on the basis that he had a work-related mental disability relating to his employment with General Motors Corporation. A magistrate found that the plaintiff did not establish actual events of employment that contributed to his disabling mental condition in a significant manner as required by MCL 418.301(2); MSA 17.237(301)(2). The Worker's Compensation Appellate Commission affirmed the magistrate's decision. The Court of Appeals, CAVANAGH, P.J., and MICHAEL J. KELLY and JANSEN, JJ., denied the plaintiff's application for leave to appeal in an unpublished order entered May 22, 1995 (Docket No. 182586). The Supreme Court, in lieu of granting leave to appeal, remanded the matter to the Court of Appeals for consideration as on leave granted and with directions to consider whether the findings of the magistrate and the WCAC with regard to "actual events" and "significant" causal connection were error under *Gardner v Van Buren Public Schools*, 445 Mich 23 (1994). 451 Mich 863 (1996).

On remand, the Court of Appeals *held*:

The magistrate and the WCAC erroneously applied principles set forth in *Gardner* and, therefore, the administrative decision was based upon the wrong legal framework. The decisions of the magistrate and the WCAC must be vacated and the matter must be remanded for further proceedings.

1. To establish a compensable mental disability under § 301(2), a claimant must prove a mental disability that arises out of actual events of employment, not unfounded perceptions thereof, and that those events contributed to or aggravated the mental disability in a significant manner. Once a disability is established, the relevant inquiry is: Did the actual events of employment occur and do they bear a significant relationship to the mental disability? The fact that a claimant has unfounded perceptions of actual events does not preclude finding a compensable disability. A claimant is entitled to benefits regardless of having a preexisting mental frailty or a

predisposition to having a mental disability. How other "reasonable" employees might or did react to similar events is irrelevant.

2. The magistrate's causation and "significant manner" analysis had an improper basis because the magistrate did not consider actual events that the plaintiff might have misperceived.

Vacated and remanded.

WORKER'S COMPENSATION — MENTAL DISABILITIES — ACTUAL EVENTS OF EMPLOYMENT.

A claimant seeking to establish a compensable mental disability claim must prove a mental disability arising out of actual events of employment, and not unfounded perceptions of the events, and that the events contributed to or aggravated the mental disability in a significant manner; unfounded perceptions of actual events does not preclude finding a compensable disability; the proper analysis is: given actual events and a particular claimant, with the claimant's preexisting mental frailties, can the actual events objectively be said to have contributed to, aggravated, or accelerated the claimant's mental disability in a significant manner (MCL 418.301[2]; MSA 17.237[301][2]).

*Kelman, Loria, Downing, Schneider & Simpson* (by *Barbara F. Grossman*), for the plaintiff.

*Groves, Decker & Wyatt, P.C.* (by *George H. Wyatt, III,* and *Thomas J. Ruth*), for the defendant.

ON REMAND

Before: SMOLENSKI, P.J., and MICHAEL J. KELLY and J. R. WEBER*, JJ.

SMOLENSKI, P.J. This is an appeal from a Worker's Compensation Appellate Commission decision that affirmed a magistrate's decision denying plaintiff benefits for a claimed work-related mental disability. The WCAC affirmed the magistrate's finding that plaintiff did not establish actual events of employment that contributed to his disabling mental condition in a sig-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

nificant manner as required by MCL 418.301(2); MSA 17.237(301)(2). This Court previously denied an application for leave to appeal filed by plaintiff. Unpublished order of the Court of Appeals, entered May 22, 1995 (Docket No. 182586). Our Supreme Court, in lieu of granting leave to appeal, remanded the matter to this Court for consideration as on leave granted and with the specific direction to consider the findings of the magistrate and the WCAC regarding "actual events" and "significant" causal connection in light of *Gardner v Van Buren Public Schools*, 445 Mich 23; 517 NW2d 1 (1994). 451 Mich 863 (1996). We vacate and remand for further consideration because the magistrate and the WCAC erroneously applied principles set forth in *Gardner* and, therefore, the administrative decision was based upon the wrong legal framework. *Illes v Jones Transfer Co (On Remand)*, 213 Mich App 44, 50; 539 NW2d 382 (1995).

Plaintiff worked for defendant in various capacities from July 19, 1954, through March 12, 1985. At the end of his career, plaintiff was a Level 7 supervisor. Plaintiff's supervisor described plaintiff as his "right arm" and evaluated plaintiff in 1982 as "immediately promotable," although plaintiff was never promoted after that time. Near the end of his career, plaintiff was involved in a downsizing or consolidation operation that was quite stressful for plaintiff and for others.

Plaintiff did not get along well with another employee, Bill Pickering, a Level 8 service engineer, with whom plaintiff's work brought him into contact. Plaintiff had a dispute with his supervisor about accompanying Pickering on a business trip. At a meeting on March 12, 1985, plaintiff became very

upset, refused to go on the trip despite plaintiff's supervisor's order to do so, and plaintiff walked out of the meeting. On his way to work the next day, plaintiff was thinking about the workday ahead of him when an episode occurred that might be described as an anxiety attack. Plaintiff was hospitalized for two or three days and has not worked since.

There is no dispute that plaintiff is disabled. Plaintiff's treating psychiatrist, Dr. Andrew Pasternak, diagnosed depression, a generalized anxiety disorder, and an obsessive compulsive personality. The magistrate found that plaintiff was disabled. This finding was not disturbed by the WCAC.

Plaintiff testified about numerous situations, circumstances, and incidents that occurred over the years involving his employment. Plaintiff viewed many of these incidents as harassment or ridicule. Among the "events" plaintiff testified about were the stress he experienced in connection with the consolidation of defendant's operations, the conflict he had with Bill Pickering, the fact that plaintiff was not promoted after he was evaluated as immediately promotable in 1982, and being required to accompany Pickering on a business trip.

Plaintiff's treating psychiatrist, Dr. Pasternak, testified that plaintiff's disability was significantly related to plaintiff's perception of what happened to him at his place of work. Examining psychiatrist Richard Feldstein testified that plaintiff's disability was directly and significantly caused by the stresses and pressures plaintiff experienced at work. Examining psychiatrist John Lukens testified that plaintiff had a personality disorder that led to plaintiff's disability. Lukens thought that plaintiff was preoccupied with a

lack of recognition at work and that plaintiff finally reached the point where he simply could not tolerate working for defendant because of the circumstances at his workplace and his perception that he was not sufficiently recognized for his efforts.

To establish a compensable mental disability under MCL 418.301(2); MSA 17.237(301)(2), a claimant must prove: (1) a mental disability; (2) which arises out of actual events of employment, not unfounded perceptions thereof; and (3) that those events contributed to or aggravated the mental disability in a significant manner. *Gardner, supra* at 27-28. Once a disability is established (as in the instant case), the relevant inquiry is: Did the actual events of employment occur, and do these bear a significant relationship to the mental disabilities? *Id.* at 50. *Gardner* further explained:

> Reduced to its simplest form, the analysis is this: Given actual events and a particular claimant, with all the claimant's preexisting mental frailties, can the actual events objectively be said to have contributed to, aggravated, or accelerated the claimant's mental disability in a significant manner? *Id.* at 50.

*Gardner* made it clear that unfounded perceptions by a claimant of actual events does not preclude finding a compensable disability. It would be "absurd" to hold otherwise. *Id.* at 44. It is an unfounded perception of reality that often characterizes a mentally disabled person.

*Gardner* further clarified that a claimant is entitled to benefits regardless of having a preexisting mental frailty or a predisposition to having a mental disability. *Id.* at 48-50. This point was further developed in

*Corbett v Plymouth Twp*, 453 Mich 522, 548-555; 556 NW2d 478 (1996), where the stresses of a corporate downsizing and a change in jobs led to a compensable mental disability even though the claimant had an underlying personality type that made him unable to cope with ordinary changes in his work environment. It is also evident from *Gardner* and *Corbett* that how other "reasonable" employees might or did react to similar events is irrelevant. *Gardner, supra* at 50; *Corbett, supra* at 552.

In the instant case, the magistrate's analysis of "events," as well as the WCAC's affirmance of the magistrate's reasoning, was inconsistent with the principles explained in *Gardner*. Whether plaintiff's perception that he was ridiculed or harassed by his fellow employees was accurate does not matter. The question is whether the events or incidents that formed the basis for plaintiff's sense of harassment and ridicule actually occurred. There was no finding and there is no indication that they did not occur. In particular, the record establishes that plaintiff was not promoted after he was evaluated by his supervisor as immediately promotable in 1982, that plaintiff was ordered to accompany Bill Pickering on a business trip, which was very upsetting to plaintiff, and that plaintiff experienced considerable stress in connection with his duties related to the downsizing of operations. These were all actual events of employment that could be the basis for a compensable mental disability. Plaintiff's circumstances are similar in some respects to those of the employee in *Corbett* who was required to accept a job he felt did not suit him as a result of his employer's reorganization.

The magistrate erred in part because he was influenced by the justifications for some of the events or because plaintiff misunderstood what happened. These concerns are irrelevant with regard to whether the events occurred, because the events did occur and the fact that plaintiff might have misperceived them does not matter. *Gardner, supra* at 43-44. For example, the fact that there might have been a legitimate business reason for not promoting plaintiff is of no moment. Similarly, the fact that plaintiff might have misperceived comments by fellow employees and might have misperceived or misunderstood his relationship with Pickering does not matter; the remarks occurred and plaintiff had to work with Pickering.

Because the magistrate erroneously did not consider actual events that plaintiff might have misperceived, the magistrate's causation and "significant manner" analysis had an improper basis. Moreover, the WCAC's affirmance must be vacated because it was based upon the belief that the magistrate correctly determined the actual events aspect of the case. Consequently, we remand for further consideration of whether plaintiff's employment contributed to, aggravated, or accelerated his mental disability in a significant manner.

The following is discussed in order to provide guidance on remand. First, the causation testimony of Dr. Pasternak was erroneously disregarded or minimized by the magistrate because the doctor's opinion was based upon plaintiff's perception of events. As already discussed, misperception of events by plaintiff is hardly fatal to his claim. Moreover, a psychiatrist deals with his patient's perceptions and it might

well be that it is those very perceptions that characterize the patient's mental disability. *Gardner, supra* at 43. Second, the testimony of Dr. Lukens, as described by the magistrate, supports plaintiff's claim. Dr. Lukens described plaintiff as preoccupied with matters related to his employment. The fact that plaintiff's personality type made him susceptible to a mental disability because of the matters that preoccupied him is not a basis for finding that plaintiff did not prove his case. See *Corbett, supra* at 548-555.

The decisions of the magistrate and of the WCAC are vacated and this matter is remanded for further proceedings consistent with this opinion. Jurisdiction is retained.