ZGNILEC v GENERAL MOTORS CORPORATION
(ON REMAND, AFTER REMAND)

Docket No. 194153. Submitted April 21, 1999, at Lansing. Decided December 17, 1999, at 9:10 A.M.

Robert Zgnilec sought in the Bureau of Worker's Disability Compensation benefits for a claimed mental disability related to his work for General Motors Corporation. A magistrate decided that the plaintiff did not establish actual events of employment that contributed to the claimed disabling mental condition in a significant manner as required under MCL 418.301(2); MSA 17.237(301)(2). The Worker's Compensation Appellate Commission affirmed the magistrate's decision. The Court of Appeals denied the plaintiff's application for leave to appeal. The Supreme Court, in lieu of granting leave to appeal, remanded the matter to the Court of Appeals for consideration as on leave granted and with directions to consider whether the findings of the magistrate and the WCAC with regard to "actual events" and "significant" causal connection were error under *Gardner v Van Buren Public Schools*, 445 Mich 23 (1994). 451 Mich 863 (1996). The Court, SMOLENSKI, P.J., and MICHAEL J. KELLY and J. R. WEBER, JJ., vacated the decisions of the magistrate and the WCAC, remanded the matter for further proceedings, and retained jurisdiction, holding that the magistrate and the WCAC had erroneously applied the principles set forth in *Gardner*. 224 Mich App 392 (1997). The magistrate again denied the plaintiff's claim, determining that no actual events occurred that aggravated or contributed to the plaintiff's mental disability. The WCAC affirmed the magistrate's decision.

On remand, after remand, the Court of Appeals *held*:

To establish a compensable disability under subsection 301(2), a claimant must prove a mental disability that arises out of actual events of employment, not unfounded perceptions thereof, and that those events contributed to or aggravated the mental disability in a significant manner. In this case, four events were analyzed by the magistrate and the WCAC to determine whether they actually occurred and contributed to or aggravated the plaintiff's claimed mental disability in a significant manner. The magistrate and the WCAC correctly determined that the plaintiff's stress related to con-

solidation in the defendant's operations and the plaintiff's dislike of a co-worker did not lead to his claimed disability. The magistrate and the WCAC also correctly determined that the plaintiff was not passed over for promotion as he claimed. However, conclusory findings by the magistrate, which were adopted by the WCAC, with respect to the determination that the plaintiff had not been harassed or ridiculed at work left an inadequate record for review by the Court of Appeals. The matter must be remanded for further findings setting forth the evidentiary basis for the WCAC's conclusion that the plaintiff had been neither ridiculed nor harassed.

Remanded.

WORKER'S COMPENSATION — MENTAL DISABILITIES — ACTUAL EVENTS OF EMPLOYMENT.

A claimant seeking to establish a compensable mental disability claim must prove a mental disability that arises out of actual events of employment, not unfounded perceptions thereof, and that those events contributed to or aggravated the mental disability in a significant manner (MCL 418.301[2]; MSA 17.237[301][2]).

*Kelman, Loria, Simpson, Will, Harvey & Thompson* (by *Barbara F. Grossman*), for the plaintiff.

*Groves, Decker & Wyatt, P.C.* (by *Thomas J. Ruth*) and *Braun Kendrick Finkbeiner P.L.C.* (by *Scott C. Strattard*), for the defendant.

ON REMAND, AFTER REMAND

Before: SMOLENSKI, P.J., and KELLY and J. R. WEBER*, JJ.

SMOLENSKI, P.J.

I

This appeal arises from a Worker's Compensation Appellate Commission decision that affirmed a magistrate's decision denying plaintiff benefits for a claimed work-related mental disability. In 1994, the

* Circuit judge, sitting on the Court of Appeals by assignment.

WCAC affirmed the magistrate's finding that plaintiff did not establish actual events of employment that contributed to his disabling mental condition in a significant manner as required by MCL 418.301(2); MSA 17.237(301)(2). After we denied an application filed by plaintiff, our Supreme Court remanded the matter to us as on leave granted and with the specific direction to consider whether the findings of the magistrate and the WCAC regarding "actual events" and "significant" causal connection were error under *Gardner v Van Buren Public Schools*, 445 Mich 23; 517 NW2d 1 (1994). 451 Mich 863 (1996). We considered the case in *Zgnilec v General Motors Corporation (On Remand)*, 224 Mich App 392; 568 NW2d 690 (1997) (*Zgnilec I*), concluded that the magistrate and the WCAC erroneously applied principles set forth in *Gardner*, and remanded for further consideration. *Zgnilec I, supra* at 393-394. In response to our opinion, the WCAC subsequently remanded the case to the magistrate to "determine whether the actual events of employment experienced by plaintiff contributed in a significant manner to his mental disability." The magistrate denied plaintiff's claim after finding that no actual events occurred that aggravated or contributed to his mental disability, and the WCAC affirmed. We remand for further proceedings consistent with this opinion.

II

We adopt the following facts set forth in *Zgnilec I, supra* at 394-396:

Plaintiff worked for defendant in various capacities from July 19, 1954, through March 12, 1985. At the end of his career plaintiff was a Level 7 supervisor. Plaintiff's supervi-

sor described plaintiff as his "right arm" and evaluated plaintiff in 1982 as "immediately promotable," although plaintiff was never promoted after that time. Near the end of his career plaintiff was involved in a downsizing or consolidation operation which was quite stressful for plaintiff and for others.

Plaintiff did not get along well with another employee, Bill Pickering, a Level 8 service engineer, with whom plaintiff's work brought him into contact. Plaintiff had a dispute with his supervisor about accompanying Pickering on a business trip. At a meeting on March 12, 1985, plaintiff became very upset, refused to go on the trip despite plaintiff's supervisor's order to do so, and plaintiff walked out of the meeting. On his way to work the next day, plaintiff was thinking about the workday ahead of him when an episode occurred which might be described as an anxiety attack. Plaintiff was hospitalized for two or three days and has not worked since.

There is no dispute that plaintiff is disabled. Plaintiff's treating psychiatrist, Dr. Andrew Pasternak, diagnosed depression, a generalized anxiety disorder, and an obsessive compulsive personality. The magistrate found that plaintiff was disabled. This finding was not disturbed by the WCAC.

Plaintiff testified about numerous situations, circumstances, and incidents that occurred over the years involving his employment. Plaintiff viewed many of these incidents as harassment or ridicule. Among the "events" plaintiff testified about were the stress he experienced in connection with the consolidation of defendant's operations, the conflict he had with Bill Pickering, the fact that plaintiff was not promoted after he was evaluated as immediately promotable in 1982, and being required to accompany Pickering on a business trip.

Plaintiff's treating psychiatrist, Dr. Pasternak, testified that plaintiff's disability was significantly related to plaintiff's perception of what happened to him at his place of work. Examining psychiatrist Richard Feldstein testified that plaintiff's disability was directly and significantly caused by the stresses and pressures plaintiff experienced at work. Examining psychiatrist John Lukens testified that

plaintiff had a personality disorder that led to plaintiff's disability. Lukens thought that plaintiff was preoccupied with a lack of recognition at work and that plaintiff finally reached the point where he simply could not tolerate working for defendant because of the circumstances at his workplace and his perception that he was not sufficiently recognized for his efforts.

We also adopt the standard for establishing a mental disability set forth in *Zgnilec I, supra* at 396-397:

> To establish a compensable mental disability under MCL 418.301(2); MSA 17.237(301)(2), a claimant must prove: (1) a mental disability; (2) which arises out of actual events of employment, not unfounded perceptions thereof; and (3) that those events contributed to or aggravated the mental disability in a significant manner. *Gardner, supra* at 27-28. Once a disability is established (as in the instant case), the relevant inquiry is: Did the actual events of employment occur, and do these bear a significant relationship to the mental disabilities? *Id.* at 50. *Gardner* further explained that:
>
> "Reduced to its simplest form, the analysis is this: Given actual events and a particular claimant, with all the claimant's preexisting mental frailties, can the actual events objectively be said to have contributed to, aggravated, or accelerated the claimant's mental disability in a significant manner?" [*Id.* at 50.]
>
> *Gardner* made it clear that unfounded perceptions by a claimant of actual events does not preclude finding a compensable disability. It would be "absurd" to hold otherwise. *Id.* at 44. It is an unfounded perception of reality which often characterizes a mentally disabled person.

Here, as in *Zgnilec I,* we conclude that the magistrate's analysis of events and the WCAC's affirmance of the magistrate's reasoning in regard to whether plain-

tiff was harassed or ridiculed are inconsistent with the principles explained in *Gardner.*

III

Judicial review of a WCAC decision is limited to the findings made by the WCAC and whether the WCAC properly reviewed whether the magistrate's decision was supported by competent, material, and substantial evidence on the whole record. *Hagerman v Gencorp Automotive,* 457 Mich 720, 727; 579 NW2d 347 (1998). This Court may also reverse a decision of the WCAC if the commission operated within the wrong legal framework, if its decision was based on erroneous legal reasoning, if it based a finding of fact on a misconception of law, or if it failed to correctly apply the law. *Jones-Jennings v Hutzel Hosp (On Remand),* 223 Mich App 94, 105; 565 NW2d 680 (1997). Questions of law are reviewed de novo on appeal. *Tyler v Livonia Public Schools,* 459 Mich 382, 388; 590 NW2d 560 (1999).

In *Zgnilec I, supra* at 397, we stated that "[t]he question is whether the events or incidents that formed the basis for plaintiff's sense of harassment and ridicule actually occurred." On remand, the magistrate analyzed four events to determine which events, if any, actually occurred: (1) whether plaintiff was subjected to stress with consolidation at his workplace, (2) whether plaintiff disliked Pickering, (3) whether plaintiff was passed over for promotion, and (4) whether plaintiff was harassed or ridiculed. First, the magistrate found that while plaintiff was subjected to stress related to the consolidation operation, the consolidation was not a "significant event" and plaintiff was able to cope with the stress. Second,

the magistrate found that plaintiff did not like Pickering, but concluded that the mere fact that plaintiff disliked a coemployee did not lead to his disability. On the basis of our review of the record, we conclude that the WCAC properly reviewed the magistrate's decision regarding these two events and correctly applied the principles set forth in *Gardner*.

We also conclude that the WCAC correctly applied the law in determining that the third event, i.e., whether plaintiff was passed over for promotion, did not occur. The WCAC's decision incorporated the magistrate's determination that plaintiff was not "passed over for promotion," even though plaintiff stated the occurrence of this "event" to his doctor. We note that the WCAC incorporated the magistrate's findings in her original opinion that "[a]s of approximately 1982, Mr. Lieffers [plaintiff's supervisor] evaluated the plaintiff and indicated that he was immediately promotable," and the magistrate's opinion on remand that "[t]he plaintiff in approximately 1982 was listed as promotable." Plaintiff did not have an "unfounded perception" that he was evaluated as "immediately promotable," and thus his 1982 evaluation was not the type of imaginary, hallucinated, or delusionary event that our Supreme Court prohibited as the basis for a compensable mental disability claim in *Gardner*. See *Gardner, supra* at 45-46. However, the crux of plaintiff's claim is that he was *passed over for promotion*, not that he received an evaluation as immediately promotable. The fact that plaintiff was listed as immediately promotable did not guarantee plaintiff a promotion. Accordingly, we conclude that the WCAC correctly applied the law in determining that plaintiff's

contention that he was passed over for promotion was not an actual event.

However, we disagree with the WCAC's decision that plaintiff was neither harassed nor ridiculed. The magistrate made the following finding in regard to plaintiff's claim that he was harassed or ridiculed:

> As for the ridicule, Mr. Zgnilec linked this with harassment. In my opinion, there is no harassment by General Motors and there was no ridicule. Mr. Zgnilec's supervisor respected his abilities and indeed testified that Mr. Zgnilec was his "right arm." Although the plaintiff testified that he was ridiculed, this is only an honest perception and has no basis in reality. In my opinion, the plaintiff also was not harassed. He was asked to do a job by General Motors. Asking someone to do a job does not equate to harassment.

Our ability to review this issue is hampered by the magistrate's cursory conclusions, adopted by the WCAC, that plaintiff was neither ridiculed nor harassed. " '[C]onclusory findings are inadequate because we need to know the path [the WCAC] has taken through the conflicting evidence, the testimony it has adopted, the standards followed and the reasoning used to reach its conclusion.' " *Holden v Ford Motor Co*, 439 Mich 257, 269, n 20; 484 NW2d 227 (1992), quoting *Kostamo v Marquette Iron Mining Co*, 405 Mich 105, 136; 274 NW2d 441 (1979). The record indicates that certain events occurred that may have constituted harassment or ridicule.[1] Here, the WCAC has not set

---

[1] For example, we note that plaintiff testified that he was placed in a room with Pickering so that his supervisor could watch the two "duke it out." Plaintiff also testified that his supervisor requested him to travel to Flint on various occasions for no apparent business purpose; that his supervisor told plaintiff in front of co-workers that he did not care about plaintiff's accomplishments at the Truck and Bus Division in Pontiac; that other employees took credit for plaintiff's work and ideas; that plaintiff

forth the testimony it adopted to support its conclusion that plaintiff's testimony regarding harassment and ridicule "had no basis in reality." While we do not independently weigh the evidence on appeal, *Snyder v General Safety Corp (On Remand)*, 200 Mich App 332, 335; 504 NW2d 31 (1993), we nonetheless require an adequate record for review. Accordingly, we must remand the case for further findings to enable us to understand the evidentiary basis and reasoning in support of the WCAC's conclusion that plaintiff's testimony regarding harassment and ridicule had no basis in reality. See *Layman v Newkirk Electric Associates, Inc*, 458 Mich 494, 509; 581 NW2d 244 (1998).

We remand for further findings setting forth the evidentiary basis for the WCAC's conclusion that plaintiff was neither ridiculed nor harassed. We retain jurisdiction.

---

was the only person in his position not reimbursed for mileage in excess of his normal home to home-plant route; that other employees accused him of trying to show off and make them look bad; and, that supervisors commented that plaintiff thought he was "too good to participate" in company social events.