*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

*In re* Conservatorship of AUDREY BURGESS.

CATHERINE A. JACOBS,

Petitioner-Appellant.

UNPUBLISHED
February 6, 2020

No. 345546
Ingham Probate Court
LC No. 13-001759-CA

Before: BOONSTRA, P.J., and TUKEL and LETICA, JJ.

PER CURIAM.

Petitioner, the former conservator of Audrey Burgess, a legally incapacitated individual, appeals as of right the probate court's order providing that the social worker's case-management services for caring for Burgess shall be paid at an hourly rate of $50 rather than the charged hourly rate of $100. We vacate the probate court's order and remand for further proceedings.

## I. UNDERLYING FACTS

On July 11, 2018, the guardian ad litem (GAL) for Burgess filed a memorandum with the probate court objecting to the petition allowing the fourth annual accounting filed by petitioner. The GAL expressed concerns regarding the accounting and was hesitant to recommend its allowance. The GAL was particularly concerned with the reasonableness of the fees charged by the social worker for her case-management services. The social worker incurred fees amounting to $950 for the period during the fourth annual account, at a rate of $100 per hour. The GAL stated that she had contacted Mid-Michigan Guardianship Services and Tri County Guardianship Services and office representatives informed her that both entities bill an hourly rate of approximately $40 to $50 for case-management services.

On August 30, 2018, the probate court held a hearing to address the GAL's objection to the social worker's case-management fees. The GAL argued that the evaluation of services should not be based on the social worker's qualifications, but should instead be based on the actual

-1-

services provided. Moreover, the GAL argued that the $50 hourly rate matched the going rate for other public fiduciary agencies in the area.

Petitioner argued that the evidence demonstrated that the social worker's fees were reasonable based on her skills and the work she performed in the clinical and psychological areas of case management. The social worker is a licensed medical social worker. The social worker was trained to perform psychological evaluations and mental-status exams, which allows her to determine a person's level of cognition and the type of plan that is appropriate. The social worker testified about two occasions on which her medical training had been beneficial to Burgess. In addressing her hourly rate of $100, the social worker stated that almost every public guardianship in the area has paid her that rate.

In addressing the arguments and issue before it, the probate court stated:

> Okay. First of all, you have to understand one thing, and I know this is going to come as a shock to you guys, my normal rate is $25 an hour. That's what I pay. I don't know what other judges do. But normally that's what is allowed. And I have allowed that rate for years, and it is the rate that I would continue to allow until somebody shows me from the court of appeals that that rate is too low.

> However, I appreciate everything Ms. Gordon has done in this case, and because of that, I am willing in this case to make an exception. I will grant the amount of $50 an hour for her fees. That's what the order of the Court will be. Thank you very much. That's all.

On September 4, 2018, the probate court entered an order allowing payment of the fourth annual accounting, except for $475 of the social worker's fees. The order further required that evidence of reimbursing the estate $475 was to be filed by October 4, 2018. This appeal followed.

## II. ANALYSIS

Petitioner argues that the probate court abused its discretion by failing to consider the evidence presented before it when determining that the requested fee was unreasonable and by failing to make sufficient findings of fact. We agree.

"This Court reviews for clear error the probate court's factual findings and reviews de novo its legal conclusions." *In re Brody Conservatorship*, 321 Mich App 332, 336, 909 NW2d 849 (2017). A finding of fact "is clearly erroneous when a reviewing court is left with a definite and firm conviction that a mistake has been made." *In re Bibi Guardianship*, 315 Mich App 323, 329, 890 NW2d 387 (2016) (quotation marks and citation omitted). A probate court's dispositional rulings are reviewed for an abuse of discretion, while the factual findings underlying the decision are reviewed for clear error. *Id.* at 328. An abuse of discretion occurs if the probate court "chooses an outcome outside the range of reasonable and principled outcomes." *Id.* at 329 (quotation marks and citation omitted). "The probate court necessarily abuses its discretion when it makes an error of law." *In re Portus*, 325 Mich App 374, 381; 926 NW2d 33 (2018) (quotation marks and citation omitted).

Neither this Court nor our Supreme Court have reviewed what factors a trial court should consider when determining the reasonableness of a social worker's fee. When awarding attorney fees, however, the probate court possesses "the broadest discretion to evaluate the worth of the services rendered in light of its experience and knowledge of such matters." *In re Thacker Estate*, 137 Mich App 253, 258; 358 NW2d 342 (1984).[1] Nevertheless, the probate court must articulate how it determines an appropriate fee. *Id*. at 260-261.

In a somewhat analogous context, our Supreme Court has established a list of factors for trial courts to consider when determining the reasonableness of attorney fees:

> (1) the experience, reputation, and ability of the lawyer or lawyers performing the services,
>
> (2) the difficulty of the case, i.e., the novelty and difficulty of the questions involved, and the skill requisite to performing the legal service properly,
>
> (3) the amount in question and the results obtained,
>
> (4) the expenses incurred,
>
> (5) the nature and length of the professional relationship with the client,
>
> (6) the likelihood, if apparent to the client, that acceptance of the particular employment will preclude other employment by the lawyer,
>
> (7) the time limitations imposed by the client or by the circumstances, and
>
> (8) whether the fee is fixed or contingent. [*Pirgu v United Services Auto Ass'n*, 499 Mich 269, 282; 884 NW2d 257 (2016).]

In *Pirgu*, our Supreme Court additionally stressed that these factors are not exclusive and directed trial courts to discuss each of the factors on the record and to justify any additional factors trial courts consider "[i]n order to facilitate appellate review." *Id*. Thus, in the analogous situation of determining reasonable attorney fees, trial courts must state on the record the reasons for an attorney fee award.

In this case, the probate court merely stated that its "normal rate" for case-management services is $25 per hour. The court failed to consult *any* legal framework for determining the reasonableness of the fee. Furthermore, the probate court failed to make any factual findings to facilitate this Court's review. "[W]e are an error-correcting court," not a fact-finding court. *Bloomfield Twp v Kane*, 302 Mich App 170, 185; 839 NW2d 505 (2013); see also *Zgnilec v Gen Motors Corp*, 239 Mich App 152, 160; 607 NW2d 755 (1999) ("While we do not independently

---

[1] "Although cases decided before November 1, 1990, are not binding precedent, MCR 7.215(J)(1), they nevertheless can be considered persuasive authority." *In re Stillwell Trust*, 299 Mich App 289, 299 n 1; 829 NW2d 353 (2012) (citation omitted).

weigh the evidence on appeal, we nonetheless require an adequate record for review.") (citation omitted). As such, it is not our role to make findings of fact in the probate court's stead. While the $50 per hour fee awarded in this case, or possibly even the probate court's "normal rate" of $25 per hour, may be proper in this case, the probate court must explain the reasoning behind its fee award. Because the probate court failed to explain its reasoning here, we cannot effectively review its decision. Thus, we remand for additional findings of fact and instruct the probate court to provide an explanation for its fee award that would enable effective appellate review. On remand, we further direct the probate court's attention to Article V, Part 4 of the Estates and Protected Individuals Code (EPIC), MCL 700.1101 *et seq*., when determining the reasonableness of petitioner's fees as conservator in this case.

The order of the probate court is vacated and we remand for further proceedings. We do not retain jurisdiction. Petitioner, as the prevailing party, may tax costs pursuant to MCR 7.219.

/s/ Mark T. Boonstra
/s/ Jonathan Tukel
/s/ Anica Letica