*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

RODERIC WILLIAMS,

       Plaintiff-Appellee,

v

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

       Defendant-Appellant,

and

JOHN DOE,

       Defendant.

UNPUBLISHED
June 9, 2022

Nos. 355448
Wayne Circuit Court
LC No. 17-010600-NF

RODERIC WILLIAMS,

       Plaintiff-Appellee,

v

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

       Defendant-Appellant.

No. 356836
Wayne Circuit Court
LC No. 17-010600-NF

Before: CAMERON, P.J., and O'BRIEN and SWARTZLE, JJ.

PER CURIAM.

       Roderic Williams was driving a motorcycle when a vehicle suddenly stopped in front of him, causing Williams to fall off the motorcycle and injure himself. State Farm paid Williams's medical bills for a time, before deciding that his claims were no longer covered by his insurance

policy. Williams sued State Farm for unpaid personal-protection-insurance (PIP) benefits. Both parties rejected a case-evaluation award of $95,000 to Williams, and the matter proceeded to a jury trial. The jury awarded Williams a total of $64,269.94.

Williams and State Farm both moved for attorney fees after trial. This appeal involves the trial court's attorney-fee and taxable-cost awards. State Farm sought case-evaluation sanctions under MCR 2.403(O). The trial court awarded State Farm $36,638 for fees and costs through trial, but denied State Farm's motion for posttrial fees. Williams moved for attorney fees and costs under the no-fault act, MCL 500.3101 *et seq*. The trial court awarded Williams $97,392.44 for fees and costs. State Farm argues that it was entitled to posttrial fees and that Williams was not entitled to some of the fees and costs he was awarded. We affirm in part, reverse in part, and vacate in part the trial court's attorney-fee and taxable-cost orders.

## I. BACKGROUND

Williams received two shoulder surgeries as a result of injuries he sustained in the accident. Dr. Robert Kohen performed surgery on Williams on September 25, 2015, but Williams suffered a "frozen shoulder," so Dr. Kohen performed a second surgery on April 14, 2017. State Farm, as Williams's no-fault insurer, paid most of his medical expenses, including costs for both surgeries and physical therapy, as well as attendant care, household replacement services, and work-loss benefits. State Farm paid nearly $160,000 in benefits.

In 2017, before Williams's second surgery, State Farm had some concerns about his eligibility for continued no-fault benefits, so it hired a surveillance company to observe him. Although Williams had reported that he could not use his left arm, surveillance video appeared to show Williams partaking in normal, everyday activities, and using his left arm while doing so.

On May 15, 2017, State Farm received a bill from Gray Medical for a "Game Ready System," which is a postsurgery therapeutic device. State Farm did not immediately pay this bill because it questioned whether Dr. Kohen had prescribed it to Williams. Among the red flags that State Farm perceived were (1) the prescription was issued on February 10, 2017, even though Williams had not seen Dr. Kohen since May 2016 and would not see Dr. Kohen again until six days later on February 16; (2) Williams's second surgery did not occur until April 14, 2017; and (3) when Dr. Kohen's office was asked about the prescription, the personnel communicated that it did not appear Dr. Kohen or anyone from his office issued the prescription.

State Farm had Williams submit to an independent medical examination on May 31, 2017. Dr. Paul Drouillard conducted the examination and opined that Williams should have recovered from both surgeries by the time of the examination. Shortly after receiving Dr. Drouillard's report, State Farm terminated all PIP benefits as of June 13, 2017.

Williams thereafter filed suit to recover PIP benefits, including work loss, attendant care, replacement services, and medical expenses. Dr. Kohen was deposed on March 29, 2018; during the deposition, Dr. Kohen stated that he had prescribed the Game Ready System. State Farm subsequently paid $15,176.12 to satisfy the bill in October 2018, which included interest. The parties participated in case evaluation in May 2018. The case evaluators recommended an award of $95,000 in favor of Williams. As noted earlier, both parties rejected the proposed award and

went to trial. After a three-day jury trial, the jury awarded Williams $14,675 for allowable expenses related to physical therapy, $44,281.20 for work-loss benefits, and $5,313.74 in no-fault interest, for a total amount of $64,269.94. The jury denied any award for replacement services.

After trial, State Farm moved for case-evaluation sanctions under MCR 2.403, and Williams moved for no-fault attorney fees under MCL 500.3148. The trial court granted in part and denied in part State Farm's motion. The trial court ruled that Williams did not improve his position by 10% even by adjusting the award in his favor by the cost of the Game Ready System bill, warranting case-evaluation sanctions in favor of State Farm. The trial court awarded State Farm $36,628 in fees and costs through the time of trial, but denied any costs or fees for posttrial work. The trial court stated that it denied State Farm's motion for posttrial fees because those fees were discretionary; the trial court did not provide any further explanation for its ruling.

Regarding Williams's motion for no-fault attorney fees, the trial court ruled that Williams was entitled to an award of attorney fees from the date the complaint was filed through the time of the judgment. The trial court explained the reasoning for its decision as follows:

> As the Court is aware, patently aware, this was a very, very highly contested, contentious case. Because, like I said, for a while, the attorneys appeared before me almost weekly with some issues, regarding this case. And we do know that the jury came back with a verdict in excess of $64,000 and, additionally, they awarded interest and this is a situation where the Court has had an opportunity to review the hours that are submitted and the Court does find that the [Williams's] counsel, in this case, is entitled to attorney fees back to the original date of the filing.

The trial court also awarded prevailing-party costs to Williams under MCR 2.625. Although Williams had not identified that court rule in his motion, he argued at the hearing on the matter that he was entitled to prevailing-party costs. Williams argued that he was entitled to prevailing-party costs because he received a favorable jury verdict at trial. The trial court agreed and awarded prevailing-party costs to Williams. Accordingly, the court awarded $97,392.44 in taxable costs and attorney fees to Williams.

State Farm moved for reconsideration and, in that motion, argued for the first time that Williams was not entitled to prevailing-party costs because he was not a prevailing party under the court rules. The trial court denied State Farm's motion and ultimately entered an "order of dismissal," which provided that State Farm was to satisfy Williams's judgment within 30 days in the amount of $64,269.94, attorney fees and costs in the amount of $97,392.44, and interest in the amount of $15,022.38, less a social-security setoff of $21,592.50 and the case-evaluation setoff of $36,628.

State Farm filed two appeals of the trial court's orders. Those appeals have been consolidated and raise the same issues. *Williams v State Farm Auto Ins Co*, unpublished order of the Court of Appeals, entered May 18, 2021 (Docket Nos. 355448 and 356836). State Farm filed a consolidated brief in July 2021; Williams did not file his brief until May 2022, less than one month before oral argument.

-3-

## II. ANALYSIS

## A. NO-FAULT ATTORNEY FEES

State Farm argues that the trial court erred by awarding no-fault attorney fees to Williams. This Court reviews a trial court's decision to award attorney fees under the no-fault act for an abuse of discretion. *Bronson Methodist Hosp v Auto-Owners Ins Co*, 295 Mich App 431, 442; 814 NW2d 670 (2012). A court abuses its discretion when it selects an outcome that falls outside the range of reasonable and principled outcomes. *Id.* "The trial court's decision about whether the insurer acted reasonably involves a mixed question of law and fact. What constitutes reasonableness is a question of law, but whether the defendant's denial of benefits is reasonable under the particular facts of the case is a question of fact." *Moore v Secura Ins*, 482 Mich 507, 516; 759 NW2d 833 (2008) (quotation marks and citation omitted). Questions of law are reviewed de novo, while questions of fact are reviewed for clear error. *Id.*

"The no-fault act provides for an award of reasonable attorney fees when an insurer unreasonably withholds benefits" under MCL 500.3148. *Bronson Methodist Hosp*, 295 Mich App at 456. "[A]ttorney fees are payable only on overdue benefits for which the insurer has unreasonably refused to pay or unreasonably delayed in paying." *Moore*, 482 Mich at 517. Benefits are overdue if they are "not paid within 30 days after [the] insurer receives reasonable proof of the fact and of the amount of loss sustained." *Id.*, quoting MCL 500.3142(2) (alteration in original).

"When benefits initially denied or delayed are later determined to be payable, a rebuttable presumption arises that places the burden on the insurer to justify the refusal or delay." *Bronson Methodist Hosp*, 295 Mich App at 457 (quotation marks and citation omitted). That said, "a refusal to pay or a delay in payment is not unreasonable if it is based on a legitimate question of statutory construction, constitutional law, or factual uncertainty." *Id.* (quotation marks and citation omitted). "The determinative factor is not whether the insurer ultimately is held responsible for benefits, but whether its initial refusal to pay was unreasonable." *Id.* (quotation marks and citations omitted).

At the outset, it is necessary to identify which claim or claims were overdue. The jury awarded $5,313.74 in penalty interest, which is exactly 12% of the $44,281.20 in wage-loss benefits the jury awarded. Thus, it is clear that although the jury awarded $14,675 for allowable expenses and $44,281.20 for wage loss, only the wage-loss benefits were considered overdue. See *Moore*, 482 Mich at 517-519 & n 12.

The trial court acknowledged that to award attorney fees under the no-fault act, it needed to find that State Farm's refusal to pay was unreasonable. But the trial court did not actually make an explicit finding on the matter. Instead, the trial court noted that this was a contentious case, the parties repeatedly appeared before it, and the jury awarded penalty interest to Williams. Accordingly, the trial court did not make any express findings related to whether State Farm's denial of benefits or refusal to pay them timely was unreasonable. This alone warrants vacating the award of no-fault attorney fees.

Moreover, to the extent the trial court based its decision on the jury awarding penalty interest under MCL 500.3142, that alone is not sufficient to award attorney fees under MCL 500.3148 because an award of attorney fees requires additional proofs. MCL 500.3142 awards penalty interest if PIP benefits are overdue, but MCL 500.3148 requires the benefits to be overdue *and* for the insurer to have unreasonably refused to pay the benefits. Compare MCL 500.3142 with MCL 500.3148. See also *Moore*, 482 Mich at 517. Thus, the jury's decision to award penalty interest, without more, cannot establish that Williams was entitled to attorney fees under MCL 500.3148.

As for State Farm's actions, State Farm denied Williams's claim for PIP benefits on June 13, 2017. At that time, State Farm had surveillance of Williams and Dr. Drouillard's independent medical examination that suggested Williams's complaints of shoulder pain and disability were exaggerated. Dr. Douillard opined that Williams should have already healed and that he could immediately return to work without any restrictions. "[A]n insurer may reasonably rely on the medical opinion of its physicians and the [independent medical examinations] the physicians perform . . . ." *Tinnin v Farmers Ins Exch*, 287 Mich App 511, 516; 791 NW2d 747 (2010). See also *Moore*, 482 Mich at 522. Although the jury ultimately concluded that State Farm erred by denying Williams's claim for benefits, that conclusion does not mandate that State Farm's failure to pay those benefits timely was unreasonable. The reasonableness of State Farm's actions hinges on a factual determination of how much it should have relied on its surveillance of Williams and Dr. Drouillard's independent medical examination. The trial court failed to make any factual findings on the matter and, because we are an error-correcting court and not a fact-finding court, *Jawad A Shah, MD, PC v State Farm Mut Auto Ins Co*, 324 Mich App 182, 210; 920 NW2d 148 (2018); *Zgnilec v Gen Motors Corp*, 239 Mich App 152, 160; 607 NW2d 755 (1999), we lack a sufficient record to decide this issue. On remand, the trial court must make a factual determination regarding whether State Farm's actions were unreasonable and explain the rationale behind its decision.

That said, Williams does appear to be entitled to some no-fault attorney fees. Related to the Game Ready System, State Farm conceded in the trial court that its seven-month delay in paying the bill for that system, after hearing from Dr. Kohen that he prescribed the device, was unreasonable and entitled Williams to attorney fees. That portion of the trial court's attorney-fee award was not erroneous.

Thus, we affirm the trial court's award of attorney fees related to the Game Ready System, vacate the remainder of the attorney-fee award under the no-fault act, and remand for a determination of the amount of additional attorney fees, if any, owed to Williams.

## B. PREVAILING-PARTY COSTS

State Farm next argues that Williams is not entitled to prevailing-party costs under MCR 2.625. The issue of prevailing-party costs was raised at the trial court's hearing on the parties' competing motions for attorney fees and costs. Before that hearing, Williams had not argued that he was entitled to any prevailing-party costs and State Farm did not contest the issue at the hearing. That said, State Farm did address whether Williams was a prevailing party in its motion for

reconsideration. But issues raised for the first time in a motion for reconsideration are not preserved for appellate review. *Vushaj v Farm Bureau Gen Ins Co of Mich*, 284 Mich App 513, 519; 773 NW2d 758 (2009). Thus, the issue is unpreserved.

As a general rule, "a failure to timely raise an issue waives review of that issue on appeal." *Walters v Nadell*, 481 Mich 377, 387; 751 NW2d 431 (2008) (quotation marks and citation omitted). But this Court has discretion to "overlook preservation requirements if the failure to consider the issue would result in manifest injustice, if consideration is necessary for a proper determination of the case, or if the issue involves a question of law and the facts necessary for its resolution have been presented." *Smith v Foerster-Bolser Constr, Inc*, 269 Mich App 424, 427; 711 NW2d 421 (2006) (citation omitted). Williams's prevailing-party costs argument was raised for the first time at the hearing and we view it as unnecessarily harsh to consider the issue waived because State Farm could not immediately identify the issue of whether Williams was a prevailing party. Accordingly, we choose to exercise our discretion to review this unpreserved issue.

"This Court reviews a trial court's ruling on a motion for costs under MCR 2.625 for an abuse of discretion. The determination whether a party is a 'prevailing party' for the purpose of awarding costs under MCR 2.625 is a question of law, which this Court reviews de novo." *Fansler v Richardson*, 266 Mich App 123, 126; 698 NW2d 916 (2005) (citations omitted).

State Farm's argument is based on a prior version of MCR 2.403. MCR 2.403 was substantially amended, effective January 1, 2022. Relevant to this case, the amendment removed subsection (O) from the old MCR 2.403. Subsection (O) addressed the consequences when a party rejected a case evaluation and the action reached a verdict. Under the prior subsection (O), if both parties rejected the case evaluation and one party improved its position by obtaining a verdict 10% better than the case evaluation, then that party was entitled to have its costs paid for by the other party. These costs are commonly referred to as case-evaluation sanctions.

But we cannot rotely apply the prior subsection (O) in this case because it is no longer part of MCR 2.403 and has not been moved to a new court rule.

> [T]he norm is to apply the newly adopted court rules to pending actions unless there is reason to continue applying the old rules. However, an injustice is not present merely because a different result would be reached under the new rules. Rather, a new court rule would work injustice where a party acts, or fails to act, in reliance on the prior rules and the party's action or inaction has consequences under the new rules that were not present under the old rules. [*Reitmeyer v Schultz Equip & Parts Co, Inc*, 237 Mich App 332, 337; 602 NW2d 596 (1999) (quotation marks and citation omitted).]

State Farm improved its position by more than 10% after trial and, therefore, was entitled to case-evaluation sanctions under the prior version of MCR 2.403(O). Both parties made strategic decisions throughout this case based on the prior subsection (O) that permitted case-evaluation sanctions. If we were to apply the current version of MCR 2.403, State Farm would not be entitled to any case-evaluation sanctions. That result would materially prejudice State Farm for filing the appeal in this case. Additionally, State Farm filed its appeal based, in part, on the prior version of MCR 2.403. It may not have appealed at all and incurred those corresponding costs if the current

rule was already in effect at that time. Additionally, Williams filed his brief more than four months after the current version of MCL 2.403 came into effect, and he did not argue that we should use the current version of the rule. In fact, Williams did not address the amendment at all. Accordingly, we will use the prior version of MCR 2.403 because Williams has not argued that we should use the current version and using the current version would have "consequences under the new rules that were not present under the old rules." *Id*.

Under MCR 2.625(A)(1), "[c]osts will be allowed to the prevailing party in an action, unless prohibited by statute or by these rules or unless the court directs otherwise, for reasons stated in writing and filed in the action." The prior version of MCR 2.403(O)(6) provided that "[f]or the purpose of determining taxable costs under this subrule and under MCR 2.625, the party entitled to recover actual costs under this rule shall be considered the prevailing party." State Farm is the party entitled to recover costs under the prior version of MCR 2.403. Accordingly, Williams is not entitled to any prevailing-party costs, and the trial court erred by concluding otherwise.

## C. CASE-EVALUATION SANCTIONS

State Farm argues that the trial court abused its discretion when awarding case-evaluation sanctions by failing either to include its posttrial costs or provide an explanation for refusing to do so. "Although this Court reviews de novo a trial court's decision to grant case-evaluation sanctions, the amount awarded as reasonable attorney fees is reviewed for an abuse of discretion." *McNeel v Farm Bureau Gen Ins Co of Mich*, 289 Mich App 76, 97; 795 NW2d 205 (2010). State Farm improved its position by more than 10% at trial compared to the case evaluation, even as adjusted by the trial court for the delay in timely paying for the physical-therapy equipment. Accordingly, under the prior version of MCR 2.403, Williams was required to pay State Farm's "actual costs," which include, in relevant part, "a reasonable attorney fee based on a reasonable hourly or daily rate as determined by the trial judge for services necessitated by the rejection of the case evaluation." "[A]ny postjudgment fees causally connected to the rejection of a case-evaluation award, including those incurred in pursuit of case-evaluation sanctions, are properly included in a request of attorney fees." *Sabbagh v Hamilton Psychological Servs, PLC*, 329 Mich App 324, 364; 941 NW2d 685 (2019). But "not every fee accrued in the pursuit of case-evaluation sanctions necessarily will be recoverable." *Id*. Rather, "the key is whether the sought-after fee is causally connected to the rejection of the case-evaluation award." *Id*.

The trial court declined to award any posttrial costs to State Farm, noting that its decision was discretionary. It did not provide a further explanation for its decision. "An appellate court cannot review a decision for abuse of discretion unless it knows how and why the discretionary decision was made." *Houston v Southwest Detroit Hosp*, 166 Mich App 623, 631; 420 NW2d 835 (1987).[1] See also *People v Norfleet*, 317 Mich App 649, 664; 897 NW2d 195 (2016); *Woodington v Shokoohi*, 288 Mich App 352, 356-357; 792 NW2d 63 (2010). It appears that at least some of State Farm's posttrial fees were incurred in pursuit of case-evaluation sanctions. Accordingly,

---

[1] "Although cases decided before November 1, 1990, are not binding precedent, MCR 7.215(J)(1), they nevertheless can be considered persuasive authority." *In re Stillwell Trust*, 299 Mich App 289, 299 n 1; 829 NW2d 353 (2012) (citation omitted).

State Farm is arguably entitled to at least some posttrial fees. The trial court failed to explain why it concluded otherwise. Consequently, we vacate the trial court's order denying State Farm's motion for posttrial case-evaluation sanctions.

Finally, we note that Williams argues on appeal that the trial court erred by awarding any case-evaluation sanctions to State Farm. But Williams did not file a cross appeal when doing so. As a general rule, the issues on appeal are limited to those raised by the appellant unless the appellee files a cross appeal. *Kosmyna v Botsford Community Hosp*, 238 Mich App 694, 696; 607 NW2d 134 (1999). An exception exists for circumstances in which an appellee raises a new issue as an alternative ground for affirmance. *Id*. But that is not the case here. Rather, Williams's argument that the trial court erred by awarding any case-evaluation sanctions to State Farm is an entirely new issue that State Farm, understandably, did not raise in its appeal. Accordingly, we will not address Williams's argument that the trial court erred by awarding case-evaluation sanctions to State Farm. As for Williams's concern that State Farm potentially was able to manipulate the case-evaluation process to obtain sanctions, we note that this is no longer a concern moving forward given the amendment to MCR 4.206 that removed former subsection (O).

## III. CONCLUSION

For the reasons stated in this opinion, we affirm in part, reverse in part, and vacate in part the trial court's attorney-fee and taxable-cost orders. We do not retain jurisdiction.

/s/ Thomas C. Cameron
/s/ Colleen A. O'Brien
/s/ Brock A. Swartzle